(5 Misc. Rep. 490.)

## STANLEY v. POLLARD.

(Superior Court of New York City, General Term. October 24, 1893.)

TEMPORARY INJUNCTION—MODIFICATION—DISCRETION OF TRIAL COURT.

A contract between a soap manufacturer and one of his salesmen, to continue during "the pleasure" of the employer, obligated the salesman not to engage in a similar business within the city and county of New York for two years after leaving the manufacturer's employ. *Held,* that the modification of a temporary injunction restraining a breach of the contract by the salesman after he had left his employer, so as to permit him to purchase soap from other manufacturers, and sell the same, was not an abuse of discretion by the trial court, in view of the fact that the sole consideration for the salesman's covenant was a weekly employment, terminable at the pleasure of the employer.

Appeal from special term.

Action by James Stanley against Richard Pollard to enjoin defendant from violating a written contract with plaintiff. From that portion of an order modifying a temporary injunction, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM, J.

Rabe & Keller, for appellant.

John H. Parsons, for respondent.

McADAM, J. The action was to enjoin the defendant from violating certain conditions of a written agreement bearing date January 24, 1893. The instrument recites that the plaintiff is engaged in the soap-manufacturing business; that he is about to employ the defendant as driver and salesman, "during the pleasure of the plaintiff," at a weekly salary, that he may impart to the defendant certain trade secrets, and the names of his customers. The defendant, in consideration thereof, agrees that he will never make known any of the secrets or other information he may receive, and he covenants "that, within the city and county of New York, he will not, for himself nor for any person or persons, directly or indirectly, engage in the business now carried on by the plaintiff, nor in any similar business, for the period of two years after leaving the employment of the plaintiff." The defendant left such employment in the fall of 1892, and commenced vending soap, with a horse and wagon, to patrons within the prohibited territory. This, with an allegation that the defendant has solicited and taken customers from the plaintiff, are the main grievances of which the plaintiff complains. At the time of commencing the action, the plaintiff obtained an ex parte order enjoining the defendant from engaging, either on his own account, or as driver, salesman, representative, or agent of another, in the business of selling soap within the city of New York during the life of the covenant. Upon the hearing of the motion to continue the injunction, the judge presiding at special term modified the order "so as to permit the defendant to purchase soap from manufacturers, and sell the same," and in this modified form the original injunction order was continued. The plaintiff appeals from so much of the order as contains the modification aforesaid. This is the only matter we are

called upon to review.   The covenant was seemingly broad enough
to have justified the continuance of the injunction without the
modification to which the plaintiff objects.   The stipulation, though
in restraint of trade, was partial, not general, and so limited both
as to. time and place as to violate no rule of public policy.   Match
Co. v. Roeber, 106 N. Y. 473, 13 N. E. Rep. 419; Leslie v. Lorillard,
110 N. Y. 519, 18 N. E. Rep. 363; Good v. Daland, 121 N. Y. 1,.
24 N. E. Rep. 15; Tode v. Gross, 127 N. Y. 480, 28 N. E. Rep. 469.
Yet the court had before it the significant fact that the sole induce-
ment to the covenant, on the part of the defendant, was, at most,.
a weekly employment, terminable "at the pleasure" of the em-
ployer, and the further circumstance that it might be deemed in-
equitable, in advance of the trial, to enforce the covenant, further
than the beneficial rights of the plaintiff under the agreement
imperatively required summary. protection by injunctive relief.
See Hodge v. Sloan, 107 N, Y. 244, 17 N. E. Rep. 335.   These con-
siderations may have influenced the modification.   At all events,
no absolute right was withheld from the plaintiff, nor was the
discretion reposed in the court abused.   The plaintiff, at the trial,
may perhaps succeed in establishing a legal right to more relief
than he has already obtained, but in the mean time the order ap-
pealed from must, for the reasons stated, be affirmed, with costs.