HARRIET A. FRANCISCO, Respondent, *v.* CHARLES A. SMITH, Appellant.

An agreement by the vendor, upon sale of a business and its good will, that he will not engage in a similar business in the same place for a period specified, is legal and valid and will be enforced by a court of equity.

Such an agreement is a valuable right in connection with the business it was designed to protect, and may be assigned by the purchaser upon a sale by him of the business, and the assignee may enforce it the same as the assignor could have done had he retained the business.

Defendant, who, in February, 1888, was carrying on the business of baker and confectioner in Little Falls, in that year sold the business, its good will and the property in his place of business to F., the husband of plaintiff, agreeing that he would not, for the period of five years from May first of that year, carry on that business in said village. F. carried on the business until November 10, 1889; he had given a chattel mortgage on a portion of the property, and on November 9, 1889, he gave a bill of sale to the mortgagees of all the property connected with the business; they, on the next day, by virtue of the mortgage and bill of sale, took possession of the property, closed the store and kept it closed until November nineteenth, when plaintiff, her husband acting as her agent, purchased the interests of said mortgagees, took possession, re-opened the store and thereafter carried on the business. Immediately prior to such purchase, plaintiff, with her husband, agreed that she would furnish the money to make the purchase and that he would take charge of and carry on the business in her name, the family to be supported out of it. On May 25, 1891, F., by an instrument in writing indorsed on the contract between him and defendant, in form transferred to plaintiff, without any actual consideration paid, all his interest in the contract and the covenants therein, the business formerly carried on by

him and the good will. In December, 1890, defendant, without consent of plaintiff or her husband, commenced carrying on a similar bakery and confectionery business in said village. *Held*, that an action was maintainable by plaintiff to restrain defendant from carrying on such business and for damages.

Reported below, 67 Hun, 225.

(Argued November 1, 1894; decided November 27, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made February 7, 1893, which reversed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term and ordered a new trial.

This action was brought to restrain defendant from carrying on a bakery and confectionery business in the village of Little Falls, and to recover damages for the violation of a contract not to engage in such business during five years from March 1, 1888.

Prior to the 20th day of February, 1888, the defendant carried on the business of baker and confectioner in Little Falls, and on that day he sold to Frank E. Francisco his business and the good will thereof, together with the property contained in his place of business, and agreed with him that he would not, for the period of five years from the 1st day of March then following, engage or become interested in the business of a baker or confectioner in that village. Mr. Francisco went into possession of the business on the 1st day of March, and carried it on at the same place until the 10th day of November, 1889. On the 27th day of February, 1889, he gave to Clark & Wood, of Fort Plain, a chattel mortgage on certain property connected with the business to secure money then loaned and a prior indebtedness; and on the 9th day of November, 1889, he gave them a bill of sale of the property mentioned in the mortgage and all the other property connected with his business; and on the next day they, by virtue of the mortgage and the bill of sale, took possession of the property and store and closed the store and took part of the property to Fort Plain, and remained in possession

of the property, and kept the store closed until November 15th, 1889, doing no business whatever there. On the latter date the plaintiff, by her husband, Frank E. Francisco, as her agent, purchased from Clark & Wood all their interest in the mortgage and the property covered thereby, and all the property covered by the bill of sale, except some groceries and outside property, and paid them therefor. Immediately after such purchase she took possession of the store and bake shop and the tools, fixtures and appliances therein contained, and the property therewith connected while her husband carried on the business, except as above mentioned, and at once re-opened the store and bake shop, and carried on therein the bakery and confectionery business and commenced selling the same kind of goods and to substantially the same customers as her husband had been selling, using the same tools and fixtures. On the same day and immediately prior to such purchase by her it was verbally agreed between her and her husband that she would furnish the money to make the purchase, and that he should take charge of the business and carry it on in her name, and that his family, consisting of the plaintiff, a son and himself, should be supported out of the business. He was a practical baker and she was not. He continued to manage the business and his family was supported from the proceeds thereof. On the 25th day of May, 1891, he, by an instrument in writing, indorsed upon the contract of February 20th, 1888, between him and the defendant, in form transferred to her, without any actual consideration paid, all his interest in the contract and all claims and demands therein, and all covenants therein contained, and all breaches thereof, and the business formerly carried on by him and the good will thereof. About December 15th, 1890, the defendant, without the consent of the plaintiff or her husband, commenced carrying on a bakery and confectionery business at Little Falls like that which he had sold to the plaintiff's husband, and continued to carry on the same to the commencement of this action, and thereby injured the business of the plaintiff.

December 18th, 1890, Mr. Francisco served notice on the
defendant, notifying him that he was violating his contract of
February 20th, 1888, and requiring him to discontinue his
business; and May 25th, 1891, the plaintiff served on him a
similar notice, notifying him that she was the owner of his
contract and of the business purchased of him by her hus-
band. The defendant persisted in carrying on the business,
and thereafter the plaintiff commenced this action to restrain
him, and to recover damages for the violation of his contract
with her husband. The defendant put in issue the plaintiff's
title to the contract and to the agreement of the defendant,
therein contained not to carry on the business sold to her
husband. The action was brought to trial at a Special Term,
and the trial judge decided that issue in favor of the defend-
ant, and dismissed the complaint. From the judgment entered
upon his decision the plaintiff appealed to the General Term,
and there the judgment was reversed and a new trial granted,
and then the defendant appealed to this court.

*John D. Beckwith* for appellant. A covenant not to com-
pete in business will only be enforced at the suit of a party
who has some interest intended to be protected by it and
which requires the protection which its enforcement will
afford. (*Dunlop* v. *Gregory*, 10 N. Y. 241–243; *D. M.
Co.* v. *Roeber*, 106 id. 473–482; *Chappell* v. *Brockway*,
21 Wend. 157; *Gillman* v. *Dwight*, 13 Gray, 356; *Hub-
bard* v. *Miller*, 27 Mich. 15; *Mandeville* v. *Harmon*, 7 Atl.
Rep. 37; *Ellerman* v. *C. J. R. & U. S. Y. Co.*, 23 id.
287.) Covenants not to compete in business, or, as they are
sometimes called, contracts and agreements in restraint of
trade, may not be assigned except with the business in aid of
which the contract was entered into by the parties thereto.
(*D. M. Co.* v. *Roeber*, 106 N. Y. 473–487; *Hodge* v. *Lowe*, 47
Iowa, 137; *Gompers* v. *Rochester*, 56 Penn. St. 194; *Guenard*
v. *Daudlet*, 32 Md. 561; *C. S. N. Co.* v. *Wright*, 6 Cal. 258;
*Kidd* v. *Johnson*, 100 U. S. 614.) The General Term had
no authority or jurisdiction to review the questions of fact

involved, because the case on appeal does not contain the certificate of the judge who presided upon the trial that all the evidence given upon the trial was set forth in the case as made. (*Porter* v. *Smith*, 107 N. Y. 531.) Plaintiff and her husband, Frank E. Francisco, were both interested witnesses, and the trial court was only concluded by their evidence in so far as that court having the witnesses before it felt that it could safely accept and rely upon their statements, and the General Term was not justified in reversing as to any fact which was not supported by evidence other than theirs. (*Zust* v. *Smitheimer*, 34 N. Y. S. R. 583; *Cleveland* v. *N. J. S. B. Co.*, 25 id. 666.)

*Myron G. Bronner* for respondent. The covenant of the defendant not to engage in the bakery business was valid and lawful. It constitutes and gave to the covenantee Francisco a valuable right and property in which he was entitled to be protected by law. (*D. M. Co.* v. *Roeber*, 106 N. Y. 487; *W. T. Co.* v. *Pool*, 51 Hun, 157; *Underwood* v. *Smith*, 46 N. Y. S. R. 654; *Tode* v. *Gross*, 127 N. Y. 480; *Lewis* v. *Gollner*, 129 id. 237; *Breck* v. *Ringler*, Id. 656; *Hodge* v. *Sloan*, 107 id. 244; *Lesley* v. *Lorillard*, 110 id. 519.) It is said that Francisco could not dispose of or sell this valuable right and property, except in connection with the identical bakery business that he bought of the defendant. This is untenable. (*D. M. Co.* v. *Roeber*, 106 N. Y. 487; *W. T. Co.* v. *Pool*, 51 Hun, 157.) The absolute assignment from Francisco to the plaintiff, his wife, is valid. It is not essential to prove a specific consideration passing from the wife to the husband. (*Sheridan* v. *Mayor*, 68 N. Y. 30; *Cummings* v. *Norris*, 25 id. 625; *St. John* v. *Ins. Co.*, 13 id. 31; *Hayes* v. *Hathorn*, 74 id. 486; *Greenwood* v. *Marvin*, 111 id. 440.) Where in an action tried by the court, the General Term reverses the judgment, and it appears by its order that the reversal was upon questions both of law and fact, it will be deemed to have based its decision upon errors of fact, if that be necessary to sustain such decision. (*Lowery* v. *Erskine*, 113 N. Y. 52.)

EARL, J.  It is unquestioned that the agreement entered into by the defendant not to engage in the bakery and confectionery business in Little Falls during the period of five years was legal and valid, and that courts of equity will enforce such agreements for the protection of the business to which they relate.  Such an agreement is a valuable right in connection with the business it was designed to protect, and going with the business it may be assigned, and the assignee may enforce it just as the assignor could have enforced it if he had retained the business.  (*Diamond Match Co.* v. *Roeber*, 106 N. Y. 473.)  The agreement can have no independent existence or vitality aside from the business.  If Mr. Francisco had not disposed of the business, and had not himself carried it on, there would have been nothing for the agreement to operate upon — no grounds for equitable relief against a breach thereof, or for recovery in an action at law of anything except possibly nominal damages.  He would not have lost the benefit of the agreement by omitting, for any definite time during the five years, to carry on the business.  The agreement would stand for his protection at any time when he resumed or 'entered upon the business.  It may be assumed, and indeed it is conceded, that he retained the business until he made the assignment to the plaintiff, May 25th, 1891.  At that date there was nothing which prevented him from resuming and carrying on the business, and then having the full benefit of the defendant's agreement.  But before that date the plaintiff had purchased the property, tools and fixtures connected with the business, and was in possession of the place where the business had been carried on by the defendant and subsequently by her husband.  At that date he assigned to her the business and good will thereof, and all his rights under the defendant's agreement, and thus she took his place and became fully entitled to all the benefits of the agreement.  Mr. Francisco having the conceded right to sell all the property and the business together, and to assign the agreement at the same time, what is there in reason or principle that precludes him

from first disposing of the property and place of business, and afterward selling and assigning to the same person the business and the good will thereof, together with the agreement made for the protection of the business? We can perceive nothing. The assignment of the agreement goes with and is connected with the business as much in the one case as in the other.

But still further. Before the 25th day of May, 1891, the wife owned the property connected with the business and the husband was carrying on the business in her name, largely for his benefit — that is, he and his family were to be supported out of the proceeds thereof. Thus he had a real interest in the business carried on, and we see no reason to doubt that he had such an interest as entitled him to enforce the agreement in his own name for his own protection. Under such circumstances he could assign the business and the good will thereof, together with all his rights under the agreement to the plaintiff, and by such assignment she became entitled to and occupied the position acquired by him by his purchase from the defendant, and to the protection of his agreement.

There is, therefore, nothing unreasonable in the claim of the plaintiff to enforce the agreement, and there can be no objection to the jurisdiction of a court of equity to protect her against the violation thereof.

It follows that the order of the General Term should be affirmed and judgment absolute be given against the defendant, with costs.

All concur.

Judgment affirmed.