(12 Misc. Rep. 470.)

### NILES v. FENN.

(Superior Court of New York City, Special Term. May 25, 1895.)

INJUNCTION—BREACH OF CONTRACT.

　　Where the seller of a business, with the good will thereof, agrees, as an inducement to the sale, and to protect the good will, not to re-enter the same business for a period of four years within a certain territory, injunction will lie against the breach of such covenant.

Action by William W. Niles against Elisha Fenn for an injunction and to enforce a covenant. Judgment for plaintiff.

A. C. Palmer and James Forrest, for plaintiff.
Jacob Fromme, for defendant.

McADAM, J. The defendant carried on a dental business at No. 172 East One Hundred and Sixteenth street, this city, which business had been conducted by him in and about said neighborhood for a period of 10 or 12 years. On May 1, 1893, the plaintiff purchased the business from the defendant, together with the good will thereof, paid the defendant $1,500 therefor, and, as an inducement to the sale, the latter agreed not to re-enter the practice of dentistry for a period of four years from May 1, 1893, within the territory bounded by the Harlem river on the north, Seventieth street on the south, East river on the east, and the North river on the west. The object of this agreement was to protect the good will, which formed the main inducement to the sale, and for which the plaintiff parted with almost all the money he paid.

Although the business sold was a professional one, the law recognizes the fact that it has a good will, which may be sold as an incident of the business. If the customers decline to go to the "old stand," this is the plaintiff's misfortune; but the defendant must not interfere to the plaintiff's prejudice. Good will is a commodity (1 Colly. Partn. [6th Ed.] 226 et seq.); means the custom of any trade or business (Webst. Dict.); resolves itself into reputation (Howe v. Searing, 6 Bosw. 354); is the probability that the old patrons will continue customers at the old place (Cruttwell v. Lye, 17 Ves. 347; Fenn v. Bolles, 7 Abb. Pr. 202); and includes every possible advantage that has been acquired by the vendor while carrying on the business (Manufacturing Co. v. Hall, 61 N. Y. 226). It is a species of property depending on circumstances for its value. It is in some instances more valuable than the second-hand chattels that go with it, and often the inducing cause of a purchase. It may be precarious; need attention; and at times protection. Part of the cus-

tom may by the change drift away, but the vendor must not create the current that carries it.

The covenant was to protect the good will and keep it with the plaintiff. The defendant thereafter violated the covenant by opening and maintaining a rival establishment within the restricted territory (High, Inj. § 736 et seq.; Hil. Inj. [3d Ed.] 698; Pom. Spec. Perf. § 25). The claim that the defendant did not understand the nature and effect of the covenant, or that it was without consideration, is not borne out by the testimony, which clearly shows the contrary. He is an intelligent man, and, before violating the covenant, endeavored to procure permission from the plaintiff to resume business within the prohibited territory, and made offers to induce the plaintiff to give his consent thereto, which the plaintiff declined to grant. The defendant states he made these propositions because he felt under a moral obligation to refrain from carrying out his intention without the plaintiff's consent. Under the circumstances, he might well have compunction in regard to the matter. The nature of the transaction with the plaintiff required his permission to authorize interference by the defendant. It is clearly established that the defendant violated the covenant. The card issued by him in December following the sale, containing the defendant's name, address, and the word "dentist," shows that he was, to an extent at least, still in the same business close by the "old stand." The fact that dentistry was practiced by the defendant in violation of the agreement was also clearly shown by witnesses who patronized him. The covenant is legal and enforceable by a court of equity. Francisco v. Smith, 143 N. Y. 488, 38 N. E. 980; Match Co. v. Roeber, 106 N. Y. 487, 13 N. E. 419; Stanley v. Pollard (Super. N. Y.) 25 N. Y. Supp. 766.

The case presented calls for equitable interference. The covenant must be preserved and enforced, and to that end the plaintiff is granted the injunctive relief claimed.