JOCHUM BROS., INC., Respondent, Appellant, *v.* RIDGEWOOD PIE BAKING CO., INC., and Others, Appellants, Respondents.

First Department, October 31, 1924.

Unfair competition — action to restrain defendants from conducting business in violation of restrictive covenant — defendants sold their business and good will and restricted themselves against entering into competing business and at same time gave purchasers right to form corporation under defendants' names — purchasers organized plaintiff corporation and subsequently sold stock to another corporation — restrictive covenant, not extending to executors, administrators and assignees of purchasers, provided for termination if purchasers should sell business — covenant, in view of permission to organize corporation, is effective in hands of plaintiff corporation after sale of stock by original purchasers — defendants are estopped by granting permission to form corporation.

A restrictive covenant in a bill of sale of a business and its good will, which binds the sellers not to enter into a competing business within a certain territory for a specified number of years, is, as against the sellers, effective in the hands of a corporation organized under the names of the sellers to take over the business purchased, where the sellers on the same day that the bill of sale was executed signed and delivered a letter to the purchasers, stating that in consideration of the sale the sellers gave the purchasers permission to incorporate the business under the names of the sellers.

Said covenant is likewise effective in the hands of the corporation so organized after the original purchasers had sold all their stock in that corporation to another corporation, notwithstanding that the restrictive covenant in the bill of sale does not extend to the executors, administrators and assignees of the

purchasers, and that it provides that the covenant shall come to an end if the business shall be sold.

The sellers estopped themselves from claiming that if their purchasers subsequently sold their stock in the corporation intended to be formed their restrictive covenant became unenforcible when, as a part of the bargain, express permission was given to incorporate the business under the names of the sellers. Furthermore, when the original purchasers sold their stock they did not sell the business; that was vested in the corporation and continued the property of the corporation irrespective of any change in the ownership of its stock.

CROSS-APPEALS by the plaintiff, Jochum Bros., Inc., and by the defendants, Ridgewood Pie Baking Co., Inc., and others, from certain parts of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of July, 1924, enjoining defendants *pendente lite* from engaging in the pie baking business in specified territory.

*Samuel Seabury* [*George Trosk* with him on the brief], for the plaintiff.

*I. Maurice Wormser* [*Henry Fluegelman* with him on the brief], for the defendants.

CLARKE, P. J.:

Joseph Jochum and Michael Jochum were engaged in the pie baking business, conducted by them as individuals, at 331 Kent street, Brooklyn. They sold that business to three persons, Charles Meyer, Charles Hayo and Gustav Hayo, together with the good will thereof and certain personal property appertaining thereto subject to a first mortgage of $32,500 made by the purchasers to the sellers. The bill of sale dated May 3, 1920, contained the following clause: "And we do further covenant and agree to and with the said parties of the second part [the purchasers] that we will not re-establish, re-open, be engaged in, nor in any manner whatsoever become interested, directly or indirectly in any business similar to the one hereby sold as aforesaid within the Greater City of New York, Long Island, including the territory in which the parties of the first part have heretofore operated the business hereby sold unto the said parties of the second part, nor in the State of New Jersey, for a term of ten years from the date of these presents, unless parties of the second part default in any of the conditions of chattel mortgage made by them to parties of the first part, or if they sell said business or cease to carry on and conduct the same, or if they fail to pay any note given for stock as they respectively and severally become due."

The sellers also delivered a letter dated the same day addressed to the purchasers, reading as follows:

"Dear Sirs.— In consideration of your taking over the pie-baking business heretofore carried on by us, permission is hereby given you to incorporate said business under the name of 'Jochum Bros., Inc."

A corporation was thereafter formed by the three purchasers under the name of Jochum Bros., Inc., as was contemplated. Subsequently Charles Hayo, one of the purchasers, died. His widow and executrix, Emilie Hayo, succeeded to his interest and became a director. For about four years there was no trouble, the defendants Jochum having kept their agreement. Thereafter in October, 1923, Charles Meyer, Gustav Hayo and Emilie Hayo, widow and executrix of Charles Hayo, deceased, sold the entire outstanding capital stock of Jochum Bros., Inc., for $90,000 to Wagner Pastries, Inc., and in their written agreement stipulated and agreed that said three persons were the only officers, directors and stockholders of Jochum Bros., Inc., and further agreed for a period of ten years they would not, directly or indirectly, engage in the pie baking business in the States of New York, New Jersey, Pennsylvania or Connecticut. Wagner Pastries, Inc., is a New Jersey corporation. On November 7, 1923, a meeting of directors of Jochum Bros., Inc., was held. Charles Meyer, president and director, Gustav Hayo, secretary, treasurer, and director, and Emily Hayo, director, all presented their resignations, and representatives of Wagner Pastries, Inc., were elected in their stead. Thus all the persons who acquired the pie baking business from Joseph and Michael Jochum are no longer connected therewith or interested therein in any shape or manner.

In March, 1924, the Ridgewood Pie Baking Co., Inc., the corporate defendant herein, was incorporated under the laws of the State of New York and thereafter commenced the business of pie baking and pie vending, having its place of business at 1658–1662 Summerfield street, Brooklyn, in the same territory as that originally covered by Joseph and Michael Jochum, partners, prior to the sale of their business to Meyer and the Hayos as above set forth. The Ridgewood Company was incorporated by Lina Jochum and Michael Jochum, Jr. It is alleged in the complaint that Joseph and Michael Jochum caused the Ridgewood Pie Baking Company to be incorporated, are in active control of said company and actively engaged in daily attendance upon the conduct of its affairs and business, which is similar to the one sold by them and which is being operated in the territory in which they operated prior to and up to the time of the sale as set forth. The complaint and supporting affidavits set forth particulars of interference with the business of the plaintiff, confusion of identity, enticement of employees and other

matters justifying, as is alleged, interference of a court of equity. This action is based upon the alleged breach of the agreement made by Joseph and Michael Jochum when they sold out to Meyer and the Hayos. The basic question to be determined is whether the restrictive covenant in the agreement of the Jochums, coupled with their contemporaneous letter in which they consented that their purchasers might " incorporate said business under the name of 'Jochum Bros., Inc.,'" still survives and inures to the benefit of the corporation, Jochum Bros., Inc., and can be enforced by it. The bill of sale grants and conveys to the parties of the second part, their executors, administrators and assigns, the pie baking business and the enumerated chattels, " to have and to hold the same unto the said parties of the second part, their executors, administrators and assigns forever." But the restrictive covenant is " with the said parties of the second part " and expressly comes to an end " if they sell said business or cease to carry on and conduct the same." It was not made with the corporation. That was not in existence at the time and was not incorporated until some time thereafter. The defendants claim that, as this covenant did not expressly state that it extended to the covenantees, their executors, administrators and assigns, it was strictly a personal covenant and its effect was exhausted when all of the original covenantees sold said business and ceased to carry on and conduct the same. They further contend that the letter permitting the purchasers to incorporate under the name of Jochum Bros., Inc., did not by its terms provide that the restrictive covenant should inure to the plaintiff corporation; that while the covenant was effective so long as the individuals remained as stockholders, officers and directors of the corporation, it ceased to be effective when they sold their stock. I am unable to agree with this contention. The sale was of a going business. It included the good will thereof and obviously contemplated and permitted the formation of a corporation under the name of the sellers.

In Williston on Contracts (§ 413) it is said: " Where it is possible courts are disposed to hold that a valuable contract right is not only assignable, but is not confined in its scope to the person of the assignee. A contract by one who has sold a business that he will not compete with the purchaser if strictly construed would not even though assignable, forbid competition with an assignee of the purchaser, but it is rather construed unless a contrary intention is expressed, as a promise not to compete with the business in question, whether conducted by the promisee or by one who succeeds to his ownership."

In *Diamond Match Co.* v. *Roeber* (106 N. Y. 473, 487) the

**432** JOCHUM BROS., INC., *v.* RIDGEWOOD PIE BAKING CO., INC.

First Department, October, 1924.        [Vol. 210

court said: " The plaintiff, as successor of The Swift & Courtney & Beecher Company, and as assignee of the covenant, can maintain the action. The obligation runs to the Swift & Courtney & Beecher Company, ' its successors and assigns.' The covenant was in the nature of a property-right and was assignable, at least it was assignable in connection with a sale of the property and business of the assignors. (*Hedge, Elliott & Co. v. Lowe,* 47 Iowa, 137, and cases cited.) "

*Francisco v. Smith* (143 N. Y. 488) was an action brought to restrain defendant from carrying on a bakery and confectionery business in the village of Little Falls, and to recover damages for the violation of a contract not to engage in such business during five years from March 1, 1888. The defendant had carried on the business of a bakery and confectionery at Little Falls and on the 20th of February, 1888, he sold to Frank E. Francisco his business and the good will thereof, together with the property contained in his place of business and agreed with him that he would not, for the period of five years from the first day of March then following, engage or become interested in the business of a baker or confectioner in that village. Francisco went into possession of the business and carried it on at the same place. He gave a chattel mortgage on certain property connected with the business to secure money then loaned and a prior indebtedness and subsequently he gave to the mortgagees a bill of sale and the said mortgagees took possession by virtue of the mortgage and bill of sale, closed the store, took part of the property away and remained in possession for some time, and kept the store closed, doing no business therein. Subsequently Francisco's wife purchased the property from the mortgagees in possession, took possession of the store and her husband proceeded again to carry on the business. The defendant without the consent of the plaintiff or her husband commenced carrying on a bakery and confectionery business at Little Falls like that which he had sold the plaintiff's husband and this suit was brought to enjoin him. EARL, J., writing for the court, said: " It is unquestioned that the agreement entered into by the defendant not to engage in the bakery and confectionery business in Little Falls during the period of five years was legal and valid, and that courts of equity will enforce such agreements for the protection of the business to which they relate. Such an agreement is a valuable right in connection with the business it was designed to protect, and going with the business it may be assigned, and the assignee may enforce it just as the assignor could have enforced it if he had retained the business. (*Diamond Match Co. v. Roeber,* 106 N. Y. 473.) The agreement can have no independent existence or vitality aside from the business."

In *Wood* v. *Whitehead Bros. Co.* (165 N. Y. 545, 552) the court said of *Francisco* v. *Smith* (*supra*): " In that case, the covenant accompanied the transfer of the business and the vendee was held capable of further assigning the covenant, in connection with his sale of the business, to another."

In *American Ice Co.* v. *Meckel* (109 App. Div. 93) the defendant and another sold a business and the property connected with it together with the good will and entered into a restrictive covenant for ten years. Their vendees transferred the business by a bill of sale quite general in terms, but it purported to transfer " the ice business, and all the property used in connection with them, including the good will, that we recently acquired " to the Crystal Lake Ice Company which in turn by bill of sale transferred the property to one Sprague, who transferred the same to plaintiff who brought suit to restrain the defendant from breaching the covenant. This court said: " The terms of the covenants clearly show that they were not intended to be personal to the vendees alone but they were assignable. * * * We are of the opinion that the plaintiff has succeeded to these covenants as an incident of the good will which was expressly assigned. It is manifest that the good will and these covenants formed the principal part of the consideration for the bill of sale from Mulford and Meckel and also for each successive bill of sale until title passed to the plaintiff."

In *New York Bank Note Co.* v. *Hamilton Bank Note Co.* (180 N. Y. 280, 291) Chief Judge CULLEN said: " So an agreement by a vendor on the sale of a business and its good will not to enter into a similar business at the same place during a specified period may be assigned by the vendee on a subsequent sale of the business by him. (*Francisco* v. *Smith*, 143 N. Y. 488.) "

It seems to me that when as a part of the bargain made between the Jochums and Meyer and the Hayos the Jochums wrote: " In consideration of your taking over the pie-baking business heretofore carried on by us, permission is hereby given you to incorporate said business under the name of ' Jochum Bros., Inc.'," they estopped themselves from claiming that if their vendees subsequently sold their stock in the corporation intended to be formed their restrictive covenant became unenforcible. When their purchasers sold their stock they did not sell the business; that was vested in the corporation, and continued the property of the corporation irrespective of any change in the ownership of its stock. A court of equity is bound to look into all the facts and circumstances and determine what is fair, just and equitable. We are of opinion that the restrictive covenant still exists and that the plaintiff is entitled to enforce

28

it.   The learned court at Special Term granted the injunction against the individual defendants *pendente lite* from taking any part in the conduct of the business of the corporation and enjoined the defendant corporation from in any manner representing their product to be the product of the plaintiff corporation, but refused to enjoin the continuance of the corporate business.   Both parties appeal.   The facts in regard to the creation, the personnel of the defendant corporation and the enticement of the plaintiff's servants and employees, are in dispute and determination of such matters should be left to the trial of the case.

It follows that the order appealed from should be affirmed, but as both sides appeal, without costs in this court.

DOWLING, FINCH, McAVOY and MARTIN, JJ., concur.

Order affirmed, without costs.