Mario Pittost, J.
The defendants move for judgment dismissing the complaint “ on the merits ”. Apparently they mean a motion for summary judgment.
It appears that the defendants sold a flower business to Allan Boss, and the plaintiffs claim to be the successors in interest to Boss.
The defendants covenanted in their contract and bill of sale not to engage in the ‘ ‘ make-up and sale of cut flowers within a radius of five miles ” for a period of 10 years.
The complaint alleges that the original oral agreement had an additional covenant not to sell potted plants and flowers, Christmas wreaths, corsages and decorative leaves; that by mutual mistake of Boss and of the defendants, or by the mistake of Boss and the fraud of the defendants in concealing their knowledge, the writing herein did not contain this agreement, and that Boss executed the writing in the belief that it did contain this additional covenant.
The defendants’ moving affidavit asserts that the contract was made with Boss, that the plaintiffs never acquired any rights under the contract or bill of sale, that the plaintiffs are not in privity with the defendants but are strangers to the *836 transaction, and that therefore they have no basis for bringing the suit. Clearly, however, nothing else being shown, where a vendee of a businss transfers his interest therein to another, the transferee may enforce a covenant not to compete which was contained in the original sale agreement. (Francisco v. Smith, 143 N. Y. 488.) Even if the defendants ’ affidavit were sufficient in this respect, the plaintiffs’ opposing affidavit and exhibits raise a triable issue of fact as to whether the plaintiffs are the successors of Boss. The defendants’ reply affidavit by their attorney George Meade does set forth facts which of themselves would seem to show that the action for reformation has no merit. He states that Boss knew that the covenant in regard to the potted plants, and flowers, etc. was not in the written agreement when he signed it, and therefore that it was not left out of the written agreement through the inadvertence or mistake of Boss. This would normally defeat a claim for reformation. However, in Brandwein v. Provident Mut. Life Ins. Co. (3 N Y 2d 491) it was held that where a party intended that a certain provision be inserted into a written contract, but was persuaded to sign it even though he knew it did not contain the provision by the fraudulent oral representation of the other that he intended to perform the requirements of such a provision though not incorporated in the writing, the remedy of reformation was available.
Plaintiff Joseph Both’s opposing affidavit states that he was present at the signing of the contract and admits that Boss signed knowing that the covenant as to the potted plants, etc. was not in the writing, but states that Boss signed in reliance upon the defendants’ solemn promise that they would not deal in such items. If this were the only allegation the plaintiffs would not have an action for reformation. (Brandwein v. Provident Mut. Life Ins. Co., supra, p. 495.) They would have a cause of action for reformation only if the signature on such writing, which omitted the agreed upon covenant, was procured by fraudulent representations; that is, if the defendants had a preconceived intent not to so carry out their promise to refrain from dealing in such items. (Brandwein v. Provident Mut. Life Ins. Co., supra, p. 496.) The plaintiffs’ affidavit does raise a triable issue of fact in regard to fraud on the defendants’ part. It sufficiently asserts Boss’ reliance on the defendants’ promise. It states that one month after the signing of the written contract the defendants broke their promise, and that when requested to desist the defendants did so only until all of the promissory notes given in payment of the purchase price had *837 been paid, and that .thereafter they again breached their promise. These assertions alone may be consistent with the absence of fraud, merely indicating the breach of a promise that was not fraudulent in its inception. However, plaintiffs’ affidavit also asserts that defendants “ would have this court assist them in the perpetration of an out and out fraud”. Taken together these assertions raise an issue as to whether Boss agreed to sign in the absence of the covenant as to the potted plants, etc. in reliance on the fraudulent representations of the defendant.
To grant summary judgment it must clearly appear that no triable issue of fact exists. This drastic remedy should not be granted if there is any doubt as to the existence of such-an issue or if the issue is arguable. (Sillman v. Twentieth Century-Fox, 3 N Y 2d 395, 404.) Thus, there is in this case an arguable issue as to fraudulent representations and also an issue as to whether the plaintiffs are the successors of Boss.
Motion for summary judgment is denied.