LEWIS TROWBRIDGE, JR., APPELLEE, v. THOMAS F. DENNING, APPELLANT.

Submitted July 1, 1909—Decided November 8, 1909.

Two partners purchased a business from the defendant and obtained from him a covenant "to refrain from engaging in or carrying on a beer bottling business within the limits of the city of Newark for a period of one year, and also not to assist anyone else so engaged in said beer bottling business for said period in said city." After the delivery of the above covenant the plaintiff's partner retired from the firm and sold and transferred "my entire interest in the beer bottling business * * * including my right and title to the chattels, stock, license and whatever right of *tenance* I may possess." *Held*, that when plaintiff's partner assigned to him his entire interest in the business, he parted with his interest in the covenant, and that the instrument of·transfer to the plaintiff was a sufficient assignment of the covenant to enable the assignee, by virtue of the statute (Practice act of 1903, § 19), to sue in his own name without joining the other covenantee.

On appeal from the First District Court of the city of Newark.

Before Justices REED, BERGEN and VOORHEES.

For the appellee, *Mulligan & Koenig.*

For the appellant, *Alfred A. Duerr* and *James B. McKee.*

The opinion of the court was delivered by

Voorhees, J. This is an appeal from the First District Court of the city of Newark. The defendant, engaged in the beer bottling business in the city of Newark, made sale of that business to the plaintiff and his partner, Roome, and by an instrument in writing covenanted with the plaintiff and his partner "to refrain from engaging in or carrying on a beer bottling business within the limits of the city of Newark for a period of one year, * · * * and also * * * not to assist anyone else so engaged in said beer bottling business for said period in said city." After the delivery of the above covenant, the plaintiff and his partner carried on the business so sold to them for nearly four months, when Roome, the plaintiff's partner, retired from the firm and sold all his interest in the business and assigned the same to the plaintiff, who thereafter continued the business. The transfer of Roome to the plaintiff assigns "my entire interest in the beer bottling business, situate, &c., including my right and title to the chattels, stock, license and whatever right of *tenance* I may possess."

The suit was brought to recover damages for breach of this covenant. The first specification for a reversal of the judgment, which was rendered in favor of the plaintiff, is that the joint covenantee, Roome, is not joined as a co-plaintiff. To meet this the plaintiff urges that the covenant had been assigned to the plaintiff, and that the action was correctly brought in the plaintiff's name alone.

Covenants of this class are undoubtedly assignable. They are choses in action arising upon contracts, and as such come within the operation of the statute (section 19 of the Practice act; *Pamph. L.* 1903), providing that "all choses in action arising on contract shall be assignable at law and the assignee may sue thereon in his own name." And this is so, although the covenant may not have been broken at the time of the assignment, for it is not required that a present right of action should exist at the time of the assignment. *Haskell* v. *Blair, 3 Cush.* 534. The right, if it have an actual or potential existence, may be transferred, although the time when

the recovery can be enforced may not yet have arrived. If, therefore, there was an actual assignment by the plaintiff's partner to him of this covenant, then the objection on account of non-joinder must fall. It is necessary, therefore, to look at the instrument which the plaintiff urges transferred the covenant to him. Covenants of this sort, it was said by Vice Chancellor Stevenson, in *Fleckenstein Brothers Co.* v. *Fleckenstein (Chancery Court)*, 53 *Atl. Rep.* 1043, "have all their vitality and value from their association with the business. They are intended to protect a business, to keep it and make it valuable to the purchaser." While this was an equity suit, yet in view of our statute above cited, the principle enunciated by the learned Vice Chancellor will apply with equal force to an action at law, provided a sufficient assignment has actually been made. In 24 *Am. & Eng. Encycl. L.* 856, speaking of such a covenant, it is said : "Such an agreement is a valuable right in that the business it was designed to protect may be assigned by the purchaser upon a sale by him of the business, and the assignee may enforce it in the same manner as the assignor could have done had he retained the business." In *Diamond Match Co.* v. *Roeber*, 106 *N. Y.* 487, the court said : "The covenant was in the nature of a property right and was assignable, at least it was assignable in connection with the sale of the property and business of the assignors." There are many cases to this effect. Among them : *Francisco* v. *Smith,* 143 *N. Y.* 488; *Greite* v. *Hendricks,* 24 *N. Y. S.* 545; *Booth & Co.* v. *Seibold,* 74 *Id.* 776; *Hedge Elliott & Co.* v. *Lowe,* 47 *Iowa* 137. These cases, moreover, view such a covenant as valuable to the business, and some of them as constituting an asset of the business. As was said by Mr. Justice Earl in *Francisco* v. *Smith, supra:* "Such an agreement is a valuable right in connection with the business it was designed to protect, and going with the business it may be assigned and the assignee may enforce it just as the assignor could have enforced it if he had retained the business. * * * The agreement can have no independent existence or vitality aside from the business." So I take it that Mr. Roome, by the mere transfer of the business to his partner, divested himself of any

substantial right of action upon the covenant. *Gompers* v. *Rochester,* 56 *Pa. St.* 194; *Palmer* v. *Toms,* 96 *Wis.* 369.

Under our statute making choses in action assignable no particular form of assignment is prescribed. When, therefore, the plaintiff's partner assigned to him his entire interest in the business, I think he parted with his interest in this covenant, and that the instrument of transfer to his partner, the plaintiff, was a sufficient assignment of the covenant, to enable the assignee by virtue of the statute to sue in his own name. The suit was rightly brought without joining the other covenantee.

Inasmuch as the parties to the contract were partners, an assignment of the interest of one in the covenant to the other does not violate the rule that a part of a chose in action may not be assigned, thus splitting up a cause of action. *Olis* v. *Adams,* 27 *Vroom* 38; *Sternberg & Co.* v. *Lehigh Valley Railroad,* 49 *Id.* 277. The transfer in this case authorized by and acquiring validity from the statute, eliminates one of the parties, preserves the integrity of the cause of action and confines it to the other partner alone. The cases cited by the appellant that where two persons have a joint right of action, one cannot assign to the other his share in this right so as to enable him to sue alone, refer to a condition of affairs unaided by statute.

The next ground for reversal is that the court refused to nonsuit the plaintiff on the ground of a total absence of proof to support a breach of the covenant. It is merely necessary to say that the case was not destitute of proof in this regard, but there were ample facts proved from which the jury might reasonably conclude that the defendant was guilty of violating his agreement. Under such circumstances, the refusal to nonsuit was right.

The judgment must be affirmed, with costs.