ROBERT WYDER ET AL., APPELLANTS, v. FELIX MIL-
HOMME, RESPONDENT.

Argued June 28, 1921—Decided November 14, 1921.

A covenant not to engage in the silk finishing business or any similar
  business in the United States of America within ten years, nor
  to become connected in any manner with any firm, corporation,
  &c., engaged in the same or similar business, &c.—*Held,* unen-
  forceable as against public policy.

---

On appeal from the Hudson County Circuit Court.

For the appellants, *Merritt Lane* (*Wendell J. Wright* on
the brief).

For the respondent, *Robert H. McCarter.*

The opinion of the court was delivered by

Parker, J.  The suit is brought upon a covenant in restraint of trade, and the trial judge directed a verdict for the defendant upon two grounds—*first,* that the clause fixing the agreed damages for violation at $50,000 created a penalty and not liquidated damages, and *secondly,* that the restraint imposed was illegal as against public policy.  The plaintiffs appeal and the substantial question argued is whether the direction was proper.

We doubt the correctness of the first ground as dispositive of plaintiff's right of action.  The rule is that if the stipulated amount is not recoverable because a penalty, the plaintiff is at least entitled to nominal damages.  *Whitfield* v. *Levy,* 35 *N. J. L.* 149.  But it is unnecessary to pursue this branch of the subject because we reach the conclusion that the second ground was well taken.

The covenant reads as follows:  "The said Felix Milhomme agrees that he will not, during the period of ten years, from April 15th, 1913, enter into the same or similar kind of business as that now carried on and conducted by the Silk Finishing Company of America, and that he will not be connected in any manner or form, directly or indirectly, as a stockholder, or otherwise, with any other firm, corporation or business engaged in the same or a similar kind of business in the United States of America, for the said period of ten years; that he will not disclose, for the purpose of harming or injuring or doing damage to the Silk Finishing Company of America to any person, firm or corporation, anything pertaining to the business of the Silk Finishing Company of America, and he further agrees that he will not knowingly, during said period of time, aid, assist or advise in any way whatsoever any business, individual, firm or corporation engaged in the same or a similar line of business, or any business, firm or corporation that may desire to become interested in, or to engage in, the same or a similar kind of business.

"The above provisions of this paragraph to apply equally to any business, firm or corporation which may engage, or

desire to engage, in such business for itself alone or for others."

It is argued, and with much weight, that this covenant is in four parts, the first, third and fourth unrestricted as to territory, and the second restricted only to the United States of America. But viewing the restriction to the United States as applicable to all.four clauses in the covenant, we are of opinion that it is in violation of the rule that restrictions of this character must be reasonable as to time and space. It is claimed for appellant that the silk finishing business is confined to a somewhat restricted territory, surrounding New York City. This, as we view it, is an important reason for holding that a restriction covering the entire nation is unreasonable as to space. Non constat that a silk finishing industry might not be desirable and profitable in or near Chicago or St. Louis, for example.

The briefs of counsel are voluminous and apparently exhaustive, and many cases both in England and in other states are cited and abstracted; but we conceive the rules to be gathered from our own decisions suffice to guide our determination in the case at bar.

In Trenton Potteries Co. v. Oliphant, 58 N. J. Eq. 507, and Fleckenstein Brothers Co. v. Fleckenstein, 76 N. J. L. 613, both decisions of this court, there was full recognition of the rule that a contract in partial restraint of trade is not objectionable to public policy unless it goes further than is reasonably required for the protection and enjoyment of the business in whose interest it is made, or unless the restraint is so great as to interfere with the interests of the public. In both of those cases the contracts examined were upheld, not because the territory mentioned, taken in its full extent, was not unreasonably large, for the plain implication in each case, if not the explicit declaration, was that if applied to all the territory, the contract could not stand; but in both cases the court adopted a rule of selective construction of the contract whereby it was enabled to confine the operation of the contract to a territory deemed reasonable; in the one case the State of

New Jersey; in the other the city of Jersey City. The present covenant admits of no such construction, for where it mentions any territory at all it speaks of "the United States of America" without any hint of a subdivision thereof. Consequently, there is no room for such a construction as was adopted in the cited cases.

We are not unmindful of the recent relaxations, or apparent relaxations, in the rule, emanating from courts of high authority, as, for example, the famous *Maxim Nordenfelt Case* (1894), *A. C.* 535; 6 *E. R. C.* 413, where a world-wide restriction was supported. Such cases indicate the rule that the restriction may be reasonably adequate to protect the business of the covenantee, so long as it does not infringe on the interest of the public. The covenant now under examination seems objectionable in both aspects. It forbids defendant from engaging in a business for which he is fitted by training and experience, anywhere in a territory many times larger than the actual or reasonably expected field of operations of the covenantee; and to the same extent deprives the public of his usefulness in the capacity in question.

It is argued that the question of unreasonable restriction was held by this court in the Fleckenstein case to be for the jury. What we said was (76 *N. J. L.*, at *p.* 616) : "If a contract having the scope suggested does not impose an unreasonable restraint *upon trade*, it would seem that the question whether the area which was embraced in a given contract was *greater than was required for the full protection of the vendee* must ordinarily be one of fact to be determined by the jury." But in that case we also said the question of unreasonable restraint of trade need not be determined, because of the selective construction restricting the operation of the covenant to Jersey City; and, as we have already said, no such construction is possible here. The covenant plainly imposes an unreasonable restraint on trade, and hence the case is not within the scope of the suggestion above quoted, which, as we said at the time, was outside of the case. We conclude that the unreasonable character of the covenant was in this case a court

question on both branches, viz., protection of the vendee and protection of the public, and was correctly decided below. The judgment is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.   15.

*For reversal*—None.