The complainant is a Delaware corporation and a dealer in meat and pork products and is the successor of a New Jersey corporation of the same name and composed of practically the same stockholders and officers. The New Jersey company had been engaged in this business for a period of over twenty-five years and had built up a large and valuable trade in certain counties of this state. The defendant was employed by the New Jersey corporation as a driver of one of its delivery trucks over a certain route in the county of Hudson already *Page 645 
established and a list of customers on this route was delivered to him. It was his duty to deliver orders to these and other customers solicited by him on this route and to make collections from them. The contract of employment was in writing and provided for employment until terminated by either party upon specified notice. It contained the following covenant:
"The employe agrees to work for the employer in the capacity mentioned and to devote his entire time and best effort to his employment, under the direction of the employer, its officers and agents, and further agrees that in case his employment is terminated for any cause, he will not, thereafter, for a period of one year after leaving the said employment, solicit orders from any of the customers of the employer for meat products such as are manufactured and sold by the employer, for himself, or as an employe of another person or persons, corporation or corporations, within the counties of Hudson, Bergen, Passaic, Essex, Morris, Union or Middlesex, State of New Jersey, and that he will not engage in the business of manufacturing and selling meat products such as are manufactured and sold by the employer in any capacity, for himself, or others, either natural or artificial persons, within the said period of one year, and within the counties mentioned above."
After the employment had continued for a period of about eleven weeks it was terminated by the employer. The defendant immediately sought and obtained employment in a similar capacity with a competitor of his former employer, and proceeded to solicit and deliver orders to customers on the identical route formerly served by him. This bill seeks an injunction to prevent the defendant from violating the above recited covenant. That the conduct of the defendant is in violation of his covenant is not disputed but it is contended on his behalf that the covenant is invalid because in restraint of trade and therefore unenforceable; that his employment was terminated without cause; and that the benefit of the covenant does not inure to the complainant because not made assignable by the terms of the contract. Defendant also contends that the covenant is not assignable because it is a part of a contract for personal service and that assignments of such contracts are prohibited by the thirteenth amendment to the federal constitution. *Page 646 
Subsequent to the breach of the covenant the complainant purchased all the assets and business of the New Jersey corporation and has since continued it in its entirety. The benefit of this covenant is claimed by complainant as an incident of the business purchased by it although not specifically assigned.
Modern judicial decisions have supported contracts in restraint of trade between employer and employe where the restraint is reasonably necessary for the protection of the employer's business and not unreasonably restrictive upon the rights of the employe, providing the public welfare is not involved. AmericanIce Company v. Lynch, 74 N.J. Eq. 298; Owl Laundry Co. v.Banks, 83 N.J. Eq. 230; Sternberg v. O'Brien, 48 N.J. Eq. 370;Mandeville v. Harman, 42 N.J. Eq. 185; Sarco v. Gulliver,3 N.J. Mis. R. 641. In a note to Taylor Iron and Steel Co. v.Nichols (N.J.), 24 L.R.A. (N.S.) 937, will be found a collection of cases where contracts restrictive of future employment, by solicitors of business and commercial travelers, have been held reasonable and valid. Tested by a comparison with the cases there cited the instant covenant is not unreasonable.
The words "for any cause" contained in the covenant do not prevent the termination of the employment by either party without cause being assigned; as here used the words mean "for whatever reason."
While covenants restrictive of future employment in contracts between employer and employe are not viewed with the same indulgence as those between a vendor and a vendee of a business and its good will, the same rule of reasonableness is applicable to both classes of covenants. See note 24 L.R.A. (N.S.)934, where it is said:
"The general principles applicable in determining the validity of contracts in restraint of trade ancillary to the sale of the good will of a business are also applicable in determining the validity of such agreements made by an employe as a condition of his employment."
Upon the sale of a business a restrictive covenant made in connection with such sale is assignable without express words *Page 647 
to that effect and passes as an incident of the business sold even though not specifically assigned. Trowbridge v. Denning,80 N.J. Law 236. This necessarily follows if "the agreement can have no independent existence or vitality aside from the business," as the court said in Francisco v. Smith, 143 N.Y. 488; 38 N.E. Rep. 980; and this is because it was made for the benefit of the business and not the individual parties to the contract. Upon principle I can see no reason why a restrictive covenant in a contract between employer and employe should not also be assignable as an incident of the business even if not made so by express words. The reasoning of the court inTrowbridge v. Denning, supra, is equally applicable to the covenant here involved. The close analogy between the two classes of contracts is recognized by Vice-Chancellor Buchanan in Sarco
v. Gulliver, supra. That restrictive covenants in both classes of contracts are equally assignable is also recognized in14 R.C.L. tit. "Injunctions" 395 § 96. The text is as follows:
"The right to relief in this class of cases is not necessarily restricted to the immediate and original parties to the agreement, but it seems that the remedy may in a proper case be enforced by an assignee of, or a purchaser from, one of the parties, or against such a person, with notice."
Citing, among other cases, Diamond Match Co. v. Roeber,106 N.Y. 473; 13 N.E. Rep. 419; Cropper v. Davis,243 Fed. Rep. 310. A reading of the text immediately preceding the portion quoted will indicate that the author had in mind restrictive covenants in contracts of employment as well as those made in connection with the sale of the good will of a business. TheDiamond Match Company Case, it will be observed, was among those cited by our supreme court in Trowbridge v. Denning,supra, and the following language is there quoted from that opinion:
"The covenant was in the nature of a property right and was assignable. At least, it was assignable in connection with the sale of the property and business of the assignors."
Counsel for defendant assumes that the question here involved *Page 648 
is the assignability of a contract for personal service. It is not. The complainant is not seeking to compel the defendant to work for it. Quite the contrary. It seeks only the benefit of the restrictive covenant contained in the contract of employment. The situation here is much the same as that before this court inSarco v. Gulliver, supra. In Cropper v. Davis, supra, the court said:
"It should be borne in mind that a distinction must exist between compelling one to keep his contract of employment and forbidding him to work for his rival in the same line. The first would require involuntary servitude in violation of the thirteenth amendment to the constitution, while the second would not be subject to that criticism."
This distinction is also forcefully emphasized by Vice-Chancellor Buchanan in Sarco v. Gulliver, supra. See, also, Eureka Laundry Co. v. Long, 35 L.R.A. (N.S.) 119, and cases cited in note at page 120. The question of the assignability of a contract of service, argued by counsel for defendant, is not here involved. The covenant is perhaps more nearly analogous to the express or implied covenant of an employe not to divulge his employer's trade secrets, the violation of which is considered as a betrayal of confidence reposed in the employe by the employer. Such covenants are made for the benefit of the business and are uniformly enforced.
I will advise a decree for complainant in accordance with the prayer of the bill of complaint. *Page 649