For purposes of preliminary restraint it must be assumed that defendant is only an employe of the competing firm named in his answer, and that his entire activities consist of window washing for that firm. This raises the inquiry whether defendant's covenant embraces that employment.
I am unable to doubt that this inquiry must be answered in the affirmative. A negative answer can only be had by reading into the covenant the words "as principal," whereas the language used more nearly excludes that limitation and the circumstances of the case clearly forbid qualification of that nature. *Page 385 
The business in question is wholly unlike that of a factory manufacturing commercial products; it supplies personal service — that of washing windows for its patrons. Defendant, if unrestrained by his covenant is to be found performing that peculiarly personal service for his old patrons, and that after engaging to acquaint and familiarize his vendee with the business and its customers to the obvious end that his vendee should enjoy their patronage. In these circumstances defendant covenanted that he would not "engage, transact or carry on, either directly or indirectly, the business of window cleaning." To read into that covenant the qualifying terms suggested appears to me to invade the obvious need and purpose and very spirit of the engagement. In his affidavit defendant says that he is employed as a window washer, and that that is the only business with which he is familiar; but for a price paid to him he has agreed not to engage in, transact or carry on, either directly or indirectly, that business in Camden for the period named; the engagement is not that he will not operate as a principal or proprietor in a competing business, but not at all. In washing windows as an employe of a firm in competition with complainants defendant is directly engaged in and transacting the window cleaning business and is indirectly sharing its success. It matters little to complainants whether the patron pays defendant directly and in person for his service, or indirectly by paying his employer. The light of the occasion confirms the intent reasonably disclosed by the text of the agreement.
It is quite unnecessary to here determine that ordinarily an agreement with a vendee, not to re-engage in the same business embraces service as an employe of a competitive concern in that business, although that view at times has been authoritatively expressed. In Trenton Potteries Co. v. Oliphant, 56 N.J. Eq. 680,
the late Vice-Chancellor Grey expressed that view (at p.704) of the reported opinion as follows: "The defendant's covenant is that `they will not, nor will either of them, directly or indirectly, engage in the business *Page 386 
of the manufacture of pottery ware except,' c. I do not think it matters in what capacity the parties [covenantors] engage in the business, whether as principals, individually, or as members of a partnership, or under employment of individuals or of a company, or as managers and active conductors of the business of making pottery ware by a corporation. Any and all of these undertakings must be held to be an `engaging in business,' c., and must necessarily result in a breach of the covenant of July 6th, 1892, if that covenant be held valid." In 12 R.C.L. 988, the rule is stated as follows: "Having stipulated that he will not again re-engage in the business he will not be allowed to re-enter the same line of business as an employe of another."
In Pohlman v. Dawson, 63 Kan. 471, cited in the text just quoted, defendant had sold to complainant a barber shop and agreed "not to engage in the barber business in any manner in Russell, Kansas, while said G.F., E.E. or H.A. Dawson shall conduct the same." This covenant was held to embrace labor of defendant as an employe. This case is here referred to in that it emphasizes the difference already referred to between an employe of an ordinary commercial house and an employe whose duties were to perform labor more personal in its nature.
Answering affidavits of defendant aver that complainant Langberg has sold his business and no longer has any interest in it. The affidavits in behalf of complainants state that complainant has sold to each of his two co-complainants a one-third interest in the business and that the three complainants now own the business as co-partners.
It is immaterial whether complainant Langberg has sold to the other two complainants the entire business or only two-thirds of it, since these two complainants as purchasers of the entire business are entitled to enforce the covenant here in question to the same extent as complainant Langberg would be if still sole owner.
The rule is well established that a valid covenant made by the seller of a business and its good will, not to engage in a similar business, may be assigned with the business, although *Page 387 
the contract did not in terms run to the assigns of the first purchaser. See cases collected in 28 C.J. 743, 744; and also12 R.C.L. 991; and also Fink Sons v. Goldberg, 101 N.J. Eq. 644.
The agreement of sale herein, now fully executed, does not specifically include the good will of the business sold. It sells "all the right, title and interest in and to the Rite Window Cleaning Company" already referred to as a business owned by defendant and his partner. That circumstance cannot effect the assignability of the contract. The general rule appears to be that where a contract for the sale and transfer of a business omits the mention of the good will, the presumption is that it was the intention of the parties that the good will should pass with the other assets; that this necessarily results from the fact that the good will cannot exist except in connection with the business. 12 R.C.L. 991. But by the terms of the contract here sought to be enforced defendant specifically engaged, as already stated, to assist his vendee for a stated period in acquainting him with the business and its customers. That such a contract embraces the good will of the business does not admit of doubt.
An injunction will issue restraining defendant pendente lite
from engaging in window cleaning in Camden as employe of others. Since defendant denies under oath that he has operated on his own account or has solicited the trade of patrons of complainants the restraint cannot include relief against such acts. *Page 388