The bill fails to make out a case upon which a decree can rest. It sets up that the complainants bought the restaurant business 5 South Orange avenue, South Orange, from a named third party and assumed the payment of a chattel mortgage on the chattels and fixtures of the business, held by the defendants. That their vendors assigned to them the lease of the premises which had been assigned to them by the defendants "and also turned over the bill of sale from the defendants to them, which bill of sale is dated May 9th, 1927, and in which appears the following" (the restrictive covenant hereafter quoted). It is not alleged nor does it appear that the bill of sale was of the business now sought to be protected, nor that the covenant, the breach of which is sought to be enjoined, relates to that business. It may be guessed at, but it is not reasonably to be inferred from the bill. It is also alleged that the complainants "became aware" that the defendants were violating the covenant. That is not a charge and there is no allegation that the defendants are violating the covenant. Becoming aware of the fact is not a charge of the fact. The bill may be amended and then a decree may be entered enjoining the defendants in the language of the covenant.
The case was submitted on an agreed state of facts separately stipulated. The defendants sold the restaurant business in question and the good will to the vendors of the complainants, and in part consideration covenanted in the bill of sale —
"* * * that they and each of them will not, either directly or indirectly, as principal, agent or otherwise, engage in the restaurant business for a period of five (5) years from the date hereof (May 9, 1927) within a radius of one-half of a mile from any point of said store hereby sold to said purchasers."
The vendors of the complainants delivered the bill of sale containing the covenant to the complainants when they purchased *Page 7 
and also executed to them a bill of sale of the restaurant and the good will thereof. The defendants are now working in a restaurant within five hundred feet of the complainants' store; one as a waiter, the other as a cook. The owner of the restaurant is said to be their father-in-law. Working in the restaurant within the prohibited limits is a breach of the covenant not to engage in that business "as agent or otherwise." "Agent" connotes servant and "otherwise" is inclusive of both. The nature of the business involves personal services to customers and the object of the covenant was to protect the business from the defendants' personal activities in that line. That they are not carrying on, but are only employed in a competing business is none the less a violation of the covenant, though the harm may be less to the business they sold and which they agreed to safeguard against the very things they are now doing. Langberg v. Wagner, 101 N.J. Eq. 383
(Vice-Chancellor Leaming).
The point raised against granting relief, that the covenant was not assigned to the complainants, is besides the question. The covenant is incident to the business; to the profit of the defendants' vendees while they ran the business and to the value of it for the purposes of sale. The covenant is assignable; if not expressly assigned, it passed to the complainants by the purchase of the business and was transferred by the bill of sale which, in express terms, included the good will. A. Fink Sons,Inc., v. Goldberg, 101 N.J. Eq. 644 (Vice-Chancellor Berry).
The area proscribed and the period of time were the subjects of private negotiation which violate no rule of public policy, and the defendants have no cause for objecting on that score.
The defendants plead that an injunction may result in their unemployment in these depressed times, but that is not an appealing reason for permitting them to injure the complainants' business. The covenant does not deprive them of earning a livelihood, but only from gaining it in the period of time within the area they themselves fixed and for which they received compensation when they sold the business and the good will, and which they guaranteed not to jeopardize. *Page 8