The bill is filed to enforce an agreement by the seller of a business not to compete. La Bruna operated a barber shop at No. 115 Summit avenue, Union City, New Jersey. He *Page 5 
sold to Costanzo the fixtures "together with the barber business and the good will thereof." At the foot of the bill of sale was written this contract:
"I, Luigi La Bruna, in consideration of the payment to me by James Costanzo of the sum of nine hundred seventy-five ($975) dollars, the purchase price mentioned in the within bill of sale, the receipt whereof is hereby acknowledged, covenant, promise and agree that I will not, either directly or indirectly, as owner, partner, stockholder in a corporation, director in a corporation or officer in a corporation or otherwise, engage in the barber business within a radius of ten blocks from premises 115 Summit avenue, Union City, New Jersey, for a period commencing from the date hereof and ending May 15th, 1940, and further that I will not manage such a business or be employed therein in any capacity whatsoever within said radius and during said time."
Costanzo carried on the business for only a few months when he sold it to Della Monica, who in turn sold to complainant, Sandullo. Then La Bruna, the first of the vendors, opened a barber shop within one block and a half of 115 Summit avenue. Complainant prays that La Bruna be restrained from operating the shop in violation of his covenant set forth above. La Bruna defends on two grounds, namely, that complainant was not his covenantee and that the covenant is void for uncertainty.
The alleged uncertainty is in the words "within a radius of ten blocks from premises 115 Summit avenue." In Messinger v.Franzblau, 118 Atl. Rep. 260, Vice-Chancellor Backes held that the phrase "within an area of at least ten city blocks" were too vague. He said that these words "are as elastic as city blocks are varied. There is no uniformity in city blocks, as is well known. If `city blocks' has a technical meaning, it has not been brought to my attention. The language does not permit of the construction that ten blocks lineally measured along Bloomfield avenue was intended. * * * Then, too, the limitation of the covenant to the `area' of the blocks precludes the lineal measurement." I take it that the adjective "city" indicated that the parties did not intend to use as a measure the actual blocks in the neighborhood, but an undefined ideal measure "city blocks." That decision was followed by Vice-Chancellor Church inTsangas v. Broogos, *Page 6 95 N.J. Eq. 499, and in Weliky v. Zakrzewski, 96 N.J. Eq. 203.
He held unenforceable covenants not to engage in business "within ten city blocks" and "within the radius of ten city blocks for five years east, west, north or south." In Katz v.Newman, the court of chancery found too indefinite the words "within a radius of twenty square blocks," and dismissed the bill. The court of errors and appeals, without deciding this point, reversed. 97 N.J. Eq. 284. Mr. Justice Trenchard said: "It may be conceded that the precise boundary lines of the restricted area are indefinite or difficult of exact determination because of the use of the word radius in connection with `square block' and in this connection the defendants argue that, taking the premises in question [No. 607 Summit avenue] as the starting point and proceeding in every possible direction `twenty square blocks' would not result in a perfect geometrical circle owing to the alleged irregularity of the different blocks in the neighborhood. But this, if true, we regard as unimportant in the circumtances of the particular case."
Vice-Chancellor Leaming in Mazie v. Wilson, 103 N.J. Eq. 569,
enforced a covenant not to engage in the same line of business "for a radius of twenty city squares of the premises in question." The vice-chancellor wrote: "It might be difficult and perhaps impossible to determine with entire certainty whether a store on Westfield avenue approximately twenty blocks away from complainant's store, was within the distance popularly but unscientifically named; but there can be no doubt or uncertainty as to whether defendant's store — eight blocks away — is within the spirit and intent of that covenant. Since it was this very store eight blocks away which occasioned this covenant, it is impossible to now say that any uncertainty as to what may constitute `twenty city squares' should deny the enforcement of this covenant in accordance with its purpose, spirit and obvious intent. The element of uncertainty which denies enforcement, is uncertainty which has some substantial relation to the relief sought." The last case which I will cite is Stein v. Kommit,105 N.J. Eq. 90. Vice-Chancellor Bentley enforced a covenant *Page 7 
in which the restricted area was described by the phrase "for a distance of ten blocks in all directions." There were special circumstances which make this case of little aid in the decision of the suit at bar.
While covenants of this nature are construed with some strictness in order to foster competition, still the court does not strain to avoid such covenants. The description need not be mathematically exact; it is sufficient if the intent of the parties can be ascertained with reasonable certainty. La Bruna intended by his covenant that he would not enter into business at a place which could be reached from 115 Summit avenue by traversing less than ten blocks, whether straight along Summit avenue or around one or more corners. The word "radius" implies a circle and if the parties intended a geometrical circle, it is impossible to ascertain the diameter or to trace accurately the circumference. This, however, was not the meaning of the parties; they intended not an exact circle but an area roughly circular; the covenant is sufficiently precise to be enforced. La Bruna, by opening a barber shop within a block and a half of his old shop, clearly breached his covenant.
The bills of sale executed by Costanza and Della Monica each transferred the good will, but did not mention La Bruna's restrictive covenant. I am referred to no New Jersey decisions on the question whether the assignee may enforce a covenant running to his assignor. The general rule is stated in 28 C.J. 743. "A valid covenant by the seller of a business and its good will, not to engage in a similar business, may ordinarily be assigned with the business although the contract did not, in terms, run to the assigns of the first purchaser, and such assignment may be implied where there is no separate and distinct assignment of such covenant by the covenantee." In my opinion, La Bruna's covenant was of a character which could be assigned with the business, and the assignments to Della Monica and to complainant extended to complainant the benefit of the covenant. A decree will be advised restraining La Bruna and dismissing the bill as to the other defendants. *Page 8