The bill of complaint is brought to enjoin defendant in accordance with the terms of an agreement of employment which recites that the complainant is engaged in the laundry business and supplying service in the cities of "Newark, the Oranges, Morristown, Dover, Paterson, Passaic, Hackensack, Rutherford, Englewood, Jersey City, Hoboken, Elizabeth, Plainfield, Dunellen, Bound Brook, Somerville, New Brunswick, Perth Amboy and the smaller municipalities adjacent these cities, city of New York and its vicinity," and the defendant is thereunder engaged as a driver, collector and canvasser at a salary therein fixed. The agreement sets forth that the defendant "in connection with his employment will become acquainted with the said customers, their names, addresses and requirements, and with other of the company's confidential matters." It then provides: *Page 354 
"(a). That he will not during his employment or after the end thereof, disclose to any person, firm or corporation, the name, address or requirements of any customer of the Company and that he will not divulge any other information that he shall have acquired during his period of employment.
"(c). That he will not, for a period of five (5) years after the end or termination of his employment, directly or indirectly, either as an individual, employer, employe, stockholder, agent, co-partner or any other individual or representative capacity whatever, solicit or cater to any of the customers served by him or any other employe of the Company during his employment with the Company; and that he will not, during the said period, engage, assist or be in any other manner whatsoever interested, directly or indirectly, in any laundry business catering to customers served by the Company as aforesaid."
The contract is dated August 26th, 1922, and was to continue for a period of one year with the right on the part of either of the parties to terminate the employment on one week's notice.
The defendant was employed as a driver on one of the trucks of the complainant and served customers on a certain route. No evidence that he became acquainted with customers of the company other than on his route was introduced. His duties were to deliver laundry and collect the money therefor.
While covenants restrictive of future employment in contracts between employer and employe are not viewed with the same indulgence as those between a vendor and a vendee of a business and its good will, the same rule of reasonableness is applicable to both classes of covenants. Modern judicial decisions have supported contracts in restraint of trade between employer and employe where the restraint is reasonably necessary for the protection of the employer's business and not unreasonably restrictive upon the rights of the employe, providing the public welfare is not involved. A. Fink Sons v. Goldberg, 101 N.J. Eq. 644.
The restraint under consideration is unreasonable in that it extends beyond anything apparently necessary for the protection of the employer. The test to be applied in determining whether the restraint is reasonable or not is to consider whether it is such only as to afford a fair protection to the *Page 355 
interest of the party in favor of whom it is given, and not so large as to interfere with the interest of the public. Whatever restraint is larger than the necessary protection of the party can be of no benefit to either. It can only be oppressive, and if oppressive, it is, in the eye of the law, unreasonable and void, on the ground of public policy, as being injurious to the interests of the public. The rule, as thus stated, is the law of this state. Mandeville v. Harman, 42 N.J. Eq. 185. Here, the defendant was the driver of a truck on a route serving the customers of the complainant, and the covenant undertakes to restrain him in similar service in eighteen distinct municipalities in northern New Jersey and the smallermunicipalities adjacent, as well as the city of New York andits vicinity. Such restraint is unreasonable and highly oppressive.
The covenant is also vague and uncertain; it not only includes customers in certain cities, towns and boroughs, but also thesmaller municipalities adjacent thereto, the city of New York and its vicinity. Restrictive covenants will not be enforced by injunction when they are vague or uncertain, or where the right to relief is doubtful. Newbery v. Barkalow, 75 N.J. Eq. 128;Fortesque v. Carroll, 76 N.J. Eq. 583; Meaney v. Stork,80 N.J. Eq. 60.
The conclusions arrived at make it unnecessary to consider the other grounds of defense.
The complainant's bill will be dismissed, with costs. *Page 356