AUTOMOBILE CLUB OF SOUTHERN NEW JERSEY, complainant,

*v.*

RALPH ZUBRIN, defendant.

[Decided April 15th, 1940.]

*Mr. Samuel P. Orlando,* for the complainant.

*Mr. Harry Adler (Mr. Samuel Adler,* of counsel), for the defendant.

SOOY, V. C.

Complainant seeks to enjoin defendant from alleged violation of the provisions of an employment agreement, as well as from disclosing alleged confidential information as to complainant's business acquired by the defendant during the course of his employment.

Complainant is engaged in the business of soliciting memberships among automobile owners and selling to them "acci-

dent liability insurance." The members thus obtained have the advantage of garage service through members operating garages, entitling the car owner member to "brake and headlight adjustments and service in the event of accident on the highway," and the complainant is able "to furnish its members with the most reliable insurance at the most reasonable rates."

Defendant accepted employment on June 15th, 1935, and was discharged on April 19th, 1939. Before being employed, defendant signed an application for employment, as follows:

"And I further agree that in the event of the acceptance of my application for position by The Automobile Club of Southern New Jersey, that I will not in the event of termination of my employment for any reason, engage in the insurance business or in the automobile club business either directly or indirectly for a period of three years anywhere in the State of New Jersey south of Trenton, it being my intention and agreement that in the event my services are terminated with The Automobile Club of Southern New Jersey not to engage either by myself or for anyone else in a competitive business anywhere in Southern New Jersey south of Trenton, New Jersey."

Defendant admits that unless enjoined he intends to sell automobile owners insurance policies, including all classes of coverage, thus to compete with complainant in so far as the sale of insurance is concerned. It is obvious that defendant does not intend to and could not sell memberships in the "club" business of complainant corporation.

The case was tried on stipulation of facts, which need not be recited in full.

Defendant argues that the agreement aforesaid is unreasonable and not necessary for the protection of complainant and is, therefore, unenforceable.

The test to determine the question before me is well established by numerous decisions, such as *Gordon Supply Co.* v. *Galuska, 113 N. J. Eq. 353; 166 Atl. Rep. 700, 701,* in which the case of *A. Fink & Sons* v. *Goldberg, 101 N. J. Eq. 644; 139 Atl. Rep. 408,* is cited, in which latter case Vice-Chancellor Berry has collated other supporting authorities.

The cases above cited hold that the test is whether the restraint imposed on the employe "is such only as to afford

a fair protection to the interest of the party in favor of whom it is given, and not so large as to interfere with the interest of the public."

The parties stipulate that complainant's business is confined to Camden, Gloucester, Salem and Cumberland counties, and that it does not operate in Burlington, Cape May or Atlantic counties, or in those parts of Mercer and Ocean counties which the parties stipulate are included within "Southern New Jersey south of Trenton." It does not appear that complainant contemplates any extension of its business into these last mentioned counties.

Applying the above test of law to this stipulated factual situation, there may be no doubt but that the attempted restraint imposed on the defendant at the inception of his employment was beyond that necessary to afford complainant fair protection and is, therefore, void as against public policy, unless the restrictive clause above quoted is susceptible to a "selective construction," as was done in *Trenton Potteries Co.* v. *Oliphant, 58 N. J. Eq. 507; 43 Atl. Rep. 723,* and *Fleckenstein Bros. Co.* v. *Fleckenstein, 76 N. J. Law 613; 71 Atl. Rep. 265,* which cases are commented upon by the Court of Errors and Appeals in *Wyder* v. *Milhomme, 96 N. J. Law 500; 115 Atl. Rep. 380.*

While there are other cases than the above dealing with the so-called "selective construction" of contracts in restraint of trade, the comment in the *Wyder Case* seems dispositive of the issue before me and the question to be answered is—is there room for "selective construction" in the instant case, *i. e.,* is such a construction possible, in view of the language used by the parties in their contract or, in other words, may that contract be construed as one which may be enforced in any separate county, in this case Cumberland county, which is the only locality in which defendant operates and in which complainant is now asking that the restraint be imposed?

This court held, in *Credit Rating Service* v. *Charlesworth, 126 N. J. Eq. 360; 8 Atl. Rep. (2d) 847,* that contracts of this character may be construed as divisible when possible without violence to the express language of the contract, but in that case the language of the contract was susceptible to

division, while here the court must, to hold the contract divisible, rewrite or make a new contract for the parties. The contract in the instant case clearly and distinctly prevents defendant operating, not "in any county in Southern New Jersey" but "anywhere" in that territory, and thus presents the same situation as confronted the court in *Wyder* v. *Milhomme, supra,* where the contract provided "in the United States of America" and the court said (at *p. 502*) :

"In both of those cases (referring to *Trenton Potteries Co.* v. *Oliphant* and *Fleckenstein Bros. Co.* v. *Fleckenstein*) the contracts examined were upheld, not because the territory mentioned, taken in its full extent, was not unreasonably large, for the plain implication in each case, if not the explicit declaration, was that if applied to all the territory, the contract could not stand; but in both cases the court adopted a rule of selective construction of the contract whereby it was enabled to confine the operation of the contract to a territory deemed reasonable; in the one case the State of New Jersey; in the other the city of Jersey City."

The court continued, saying:

"The present covenant admits of no such construction, for where it mentions any territory at all it speaks of 'the United States of America' without any hint of a subdivision thereof. Consequently, there is no room for such a construction as was adopted in the cited cases."

My holding is that the contract under consideration is not capable of a divisible or selective construction and that the court cannot rewrite the contract for the parties, and that it is void and may not be enforced against the defendant.

It is argued that even though the contract be void, still this court may restrain defendant from soliciting members of the complainant's corporation and using lists containing alleged confidential information given to defendant at the time of the commencement of his employment.

The case of *Golden Cruller, &c., Co., Inc.,* v. *Manasher, 95 N. J. Eq. 537; 123 Atl. Rep. 150,* is authority for complainant's proposition, in which case the court said (at *p. 538*) :

"The disclosure of secrets which have come to one's knowledge during the course of confidential employment will be

restrained by injunction. * * * And in such case it is unnecessary that there should be an express covenant upon the part of the defendant not to disclose the secrets of plaintiff's business if such an agreement may fairly be implied from the circumstances of the case and the relation of the parties. *Stone* v. *Grasselli Chemical Co., 65 N. J. Eq. 756; Taylor, &c., v. Nichols, 73 N. J. Eq. 684."

From the stipulation of facts, it appears that the defendant's activities, without restraint against him, will be confined to selling automobile liability insurance. He obtained no "secrets" from complainant as to so doing. His ability so to do depends upon his own efforts, personality and endeavor. He did gain a knowledge of those who carried insurance and memberships with the complainant's company, but the attempt to prevent him from becoming a competitor of complainant was abortive by reason of the over-zeal of complainant, as heretofore pointed out. Defendant, therefore, has a right to compete with complainant and to gain a livelihood by so doing, and the mere fact that he became acquainted with those who dealt with complainant during the time of his employment does not prevent him from selling insurance to those who formerly bought from complainant. He is entitled to compete and offer his policy indiscriminately to all who might buy it, and if he is able to sell an intending purchaser, this court will not hinder him, any more than it would any former employe of any person who discontinued his employment and entered into a competing business, in the absence of a valid contract to the contrary, nor does it seem to me that under the stipulation of facts the defendant, when his employment terminated, could be said to have in his possession any "list of customers" of complainant which might now be said to be a confidential list furnished by the complainant. It is true that in June of 1935, almost four years before defendant's discharge, he had a list of possibly sixty customers of the complainant, but by efflux of time that list has become obsolete, so that what defendant now has is knowledge of complainant's customers gained by his work in selling them memberships and insurance, the same knowledge a bread salesman would have concerning the customers on his route,

nothing more, other than that he also knows that the customers with whom the defendant dealt while in complainant's employ will be on the market for new insurance when their present policies expire. There is no contract against his use of this knowledge, and it is his property and may not be taken away by court order, in the absence of a valid contract preventing him from the use thereof.

In *Salomon* v. *Hertz, 40 N. J. Eq. 400* (at *p. 403*); *2 Atl. Rep. 379,* the court held that a former employe is at liberty to sell to the customers of his old employer.

Decree for defendant.