A circularity of transactions gives the subject matter of this litigation a somewhat novel aspect. The acknowledged facts are assembled from the pleadings.
On October 16, 1945, the plaintiff and his wife sold their food market business conducted at No. 499 Main Street, Spotswood, New Jersey, to the defendant. The bill of sale embraced the following restrictive covenant:
"And the said Hyman Nisonoff and Lillian Nisonoff, for and in consideration of the sale of the business to the said Bernard Cerebe, do hereby covenant, promise and agree to and with the said Bernard Cerebe, his heirs, executors, administrators and assigns, that they will not, or will either of them, between October 16, 1945 and October 16, 1950, either solely or jointly, with or as agent for any person or persons, association or associations, corporation or corporations, directly or indirectly, carry on, engage in, or be interested in any manner in the carrying on, within five miles of the premises *Page 579 
known by #499 Main Street, Spotswood, New Jersey, the business of a food store, or buying and selling any articles now sold by the sellers at the store at 499 Main Street, Spotswood, New Jersey. It is, however, expressly understood and agreed by and between the sellers and the purchaser that the above restrictive covenant shall not apply to the carrying on or engaging in such business within the corporate limits of the Borough of South River, New Jersey."
The defendant was the owner of the premises in which the business was conducted and on or about March 1, 1948, he sold the business to Nick Columbis and others and executed and delivered to those vendees a lease of the store premises, in which instrument he covenanted that he would not re-engage in a similar business in the Borough of Spotswood, or within a radius of five miles thereof, during the term of the lease, or any renewal or extension thereof, except in a "wholesale capacity."
On May 3, 1948, the plaintiff reacquired the business from Columbis and his associates, together with an assignment to him of the lease containing the covenant of the defendant-lessor.
I may pause here to state that the lease ran to the assigns of the lessees and an assignment of the lease was not forbidden by its terms.
The plaintiff, who has thus reacquired the business, prosecutes this action to enjoin the defendant from violating the negative covenant embodied in the lease. In defense the defendant interjects the initial covenant made by the plaintiff in the bill of sale of October 16, 1945, and by counterclaim seeks its enforcement against the plaintiff. An order striking out such defenses and the counterclaim is now sought by the plaintiff.
Our adjudications oblige us to acknowledge that such covenants, if valid, may be expressly assigned with the business to which they appertain and frequently travel along with such sales from the sellers to the purchasers. Langberg v. Wagner,101 N.J. Eq. 383, 139 Atl. 518; A. Fink Sons v. Goldberg,101 N.J. Eq. 644, 139 Atl. 408; Sandullo v. La Bruna,111 N.J. Eq. 4, 160 Atl. 834.
The question here projected, however, is whether or not the negative covenant is extinguished upon the reacquisition *Page 580 
by the covenantor of the business for the benefit and protection of which it was given.
Frankly I have been unable to uncover in the reported cases of our state any opinion exactly decisive of the point.
Certainly covenants of the character of which the foregoing is typical and which are intrinsic in the sale of a business have a very definite and discernible attachment to the business. They derive their vitality and beneficial value solely by reason of their association with the business sought thereby to be protected from competitive invasion. Trowbridge v. Denning,80 N.J. Law 236, 77 Atl. 1068. It seems doubtful that such covenants could have any independent legal existence and escape the restraints of public policy in the absence of their relationship to the business. Francesco v. Smith, 143 N.Y. 488, 38 N.E. 980; Gompers v. Rochester, 56 Pa. 194.
It has been held that the substantive nature of the covenant must be understood and that the covenant does not constitute a district property right independent of the business it was designed to safeguard and that unless it is incident to that business, it cannot exist. Sickles v. Lauman, 169 N.W. 670,4 A.L.R. 1073. I cogitate in vain what personal or property right of the defendant sustains any injury in consequence of the resumption by the original covenantor of the business enterprise in which the defendant and others no longer have any proprietary or beneficial interest? It would seem to be fantastic to resolve that in a progression of sales a sequence and succession of such covenants would operate in law to prohibit every covenantor in the train of sales from reacquiring and conducting the business which he had previously sold.
Here the plaintiff has reacquired the full ownership of the business with which the original covenant was associated. It is my conviction that the revestment of the business in the covenantor in the circumstances of the instant case extinguished the covenant and has rendered it unenforceable against him by the defendant. Vide, 4 A.L.R. Anno. 1085.
An order will be entered striking out as insufficient in law the first, second, third, and fourth defenses averred in the answer and also the counterclaim. *Page 581