[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 370 
This action implicates the equitable enforceability in the existing factual circumstances of an ancillary restrictive covenant embodied in the agreements dated November 19, 1945 (subsequently renewed), by which the plaintiff, a realtor, employed the defendants as sales agents.
Covenants in restraint of trade between employer and employee have not in recent years been unqualifiedly disapproved by our judicial decisions or by considerations of public policy. A copious citation of pertinent authorities will be found in my decision in Silbros, Inc., v. Solomon, 139 N.J. Eq. 528,52 A.2d 534. *Page 371 
However, such a covenant will not be enforced in equity unless it is manifestly operative in the particular circumstances of its alleged disobedience. Concerning such agreements, as with all written contracts, the ascertainment of the expressed intention of the parties is the prime object of interpretation. CornExchange National Bank Trust Co. v. Taubel, 113 N.J.L. 605,175 A. 55; Mantell v. International Plastic Harmonica Corp.,141 N.J. Eq. 379, 55 A.2d 250.
Nor will the covenant be enforced if it has a greater restrictive amplitude than reasonably required to afford a fair protection in favor of the plaintiff. Gordon Supply Co. v.Galuska, 113 N.J. Eq. 353, 166 A. 700; Automobile Club ofSouthern New Jersey v. Zubrin, 127 N.J. Eq. 202,12 A.2d 369.
Assuredly enforcement will not be attempted where the defendant has been expressly liberated by the plaintiff from his obligations under the covenant. In the absence of some vested derivative interest in another, a contract may be modified, abrogated, or rescinded by the mutual assent of the contracting parties.
Assuming the legal orthodoxy of those antecedent premises, I have applied them to my consideration of the present case.
I resolve as a conclusion of fact that the plaintiff emancipated the defendant Alexander Francis-Smith from the obligations of his employment contract. The plaintiff was perhaps initially under the influence of some vexation, but despite the lapse of a "cooling off period" he confirmed his determination by his letter of August 20, 1948.
It is said that he did so rashly under the supposition that the defendant Mrs. Francis-Smith, the wife of Alexander, would continue in his employment. The evidence fails adequately to sustain the contention that the plaintiff in discharging Mr. Francis-Smith was actuated by any purposeful deception or premeditated misrepresentation projected in that regard by the defendants.
The employment contracts, although identical in terms, were individual and not joint. *Page 372 
Paragraphs 8 and 10 of the agreement engage attention. As originally composed and typewritten, they read as follows:
"(8) That the Party of the First Part shall have the right to discharge the Party of the Second Part at any time when it appears to the satisfaction of the Party of the First Part that she has been dishonest, incompetent, inefficient, negligent, unfaithful to the Party of the First Part's interests or otherwise unfit for the service in which she is employed.
 * * * * * * * *
"(10) It is further expressly understood and agreed that in the event of the termination of this Contract or of the employment hereunder for any cause, the Party of the Second Part shall not in the County of Monmouth in the State of New Jersey, enter into the real estate brokerage, real estate management, real estate mortgage, or any other branch of the real estate business than conducted by the Party of the First Part, either as broker or as salesman, principal or agent, employer or employee, officer, director or otherwise, directly or indirectly, for a period of one year."
It is observed that in its preliminary phraseology the agreement brought the restrictive covenant into effectiveness "in the event of the termination of this Contract or of the employment hereunder for any cause." Cf. A. Fink Sons v.Goldberg, 101 N.J. Eq. 644, 646, 139 A. 408.
The evidence, however, in the present case discloses that the defendants declined to accede to a covenant so broadly operative, hence the following significant sentence was subjoined in handwriting to paragraph 10: "Said termination must be for any of the offenses set forth in paragraph No. 8." The fact is that the employments were not terminated because of the commission of any such derelictions by the defendant Whitton Francis-Smith, or by her husband.
The consequence is that the plaintiff now desires to assert against the defendants an alleged contractual engagement which in the antecedent negotiations he decided to qualify and abridge. And so in the actual eventualities the restrictive covenant is not efficacious.
I have not ignored the point that in the present case the reasonableness of the territorial range of the covenant is not free from doubt. It is elementary that so-called restrictive covenants are strictly construed against the party asserting *Page 373 
the right to enforce them, and where the right of the plaintiff to injunctive relief promotive of the enforcement of such a covenant remains in reasonable doubt, such extraordinary relief is uniformly denied. Injunctive judgments should be cautiously granted and never in the absence of cogent equities.
Judgment for the defendants.