OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### NOVEMBER TERM, 1909.

———

JANE FORTESQUE et al., respondents,

*v.*

WILLIAM H. CARROLL, appellant.

[Submitted December 15th, 1909. Decided February 28th, 1910.]

1. Courts of equity do not aid one man to restrict another in the uses to which he may lawfully put his property unless the right to such aid is clear.

2. Whether or not a covenant that "not more than one building shall be erected upon a single lot" is violated by the erection of a structure whose exterior walls, foundation and roof constitute it one building but whose interior arrangement and entrances show that it is to constitute two residences, is not so clear that a court of equity will aid in its enforcement.

———

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, whose opinion is reported in *75 Atl. Rep. 973.*

*Messrs. Bourgeois & Sooy,* for the appellant.

*Mr. James H. Hayes* and *Mr. Harry Wootton,* for the respondents.

The opinion of the court was delivered by

GARRISON, J.

This is an injunction bill to enforce a restrictive covenant in these words: "Not more than one building shall be erected on a single lot as mapped on plan."

We agree with the learned vice-chancellor that the respondents may enforce this covenant if it is being violated. The question therefore is whether or not the appellant was erecting more than one building on his lot. This is a question of fact. The structure in controversy as regards its exterior walls, foundation and roof was one building, while the space thus included might be arranged to serve as one residence or as two residences. Because the building was arranged to serve as two residences the learned vice-chancellor held that it was two buildings within the language of the covenant, although, of course, admitting that but for such arrangement it would have been one building; and presumably, upon the removal of such arrangements, would again become one building. An interpretation that leaves the matter in this ambulatory state is strongly suggestive of error, which in the present case we think consisted in the substitution for the words "one building" of the words "one residence," or if not the substitution then the addition of such words so that the covenant is made to read "not more than one building to be occupied as one residence." The harm done to the appellant by giving to the words "one building" the added force of "one residence" is not only that the covenant contains the former and not the latter, but also that the two terms, referring, as they do, to different things, and resting upon different considerations, set up two totally distinct criteria by which to determine whether or not the restriction has been violated. The word "building" connotes normally matters of construction, whereas the word "residence" directs attention solely to a use or mode of occu-

pancy to which a building may be put. It is one thing, therefore, to restrict the uses to which a lot may be put to the construction of one building on it, but to go further and restrict the use to which such building may be put is another and quite a different proposition; the first is clear and satisfies the express language of the restriction, but the implied restriction upon such express restriction is not clear; on the contrary, such implication is well nigh inadmissible because of what is expressed.

For prescriptions pertaining to buildings in the matter of construction such as their cost, size, height, location or number are so essentially distinct from restrictions that prescribe the use or mode of occupancy of a building that the employment of the former in a restrictive covenant, instead of carrying with it the implication that the latter was meant, tends strongly to forbid such implication; at all events an alleged violation of an express restriction as to construction should not be tested by a criterion derived solely from an implied restriction as to mode of occupancy. A covenantee may at his will impose restrictions that in terms relate solely to matters of construction, or that in terms relate solely to matters of use, or that in terms relate to and cover both, but if he select one and omit the other he does not prove a breach of the restriction that he has put in the covenant by showing a violation of the one that he has left out of it.

By the failure to observe this distinction between construction and use, the court below was misled into a finding of fact by which a structure that, on one day was either one building or two, would the next day become two buildings, to become one building again on the third day, according as its adjustment to particular modes of occupancy might be varied; whereas, had the criterion applied been that suggested by the words of the covenant itself, viz., one of construction, the erection, if one building as a matter of construction, would have remained so, regardless of its intended occupancy, until some change of construction was made that resulted in the erection of two buildings where previously but one had been constructed. If the view thus expressed does no more than render it doubtful whether the appellant had violated the restriction in his deed the result would be a reversal of the decree of the court below. For it is well

settled that in cases where the right of a complainant to relief by the enforcement of a restrictive covenant is doubtful "to doubt is to deny." This is the established rule not only because restrictions of the lawful uses of property are against common right but also because restrictions, in the framing of which a subsequent purchaser has had no voice, ought to be so clear that by the acceptance of the deed that declares them he may reasonably be deemed to have understood and acceded to them. The rule is sometimes stated that such restrictions are not favored by the law. I do not see that anything is gained by this personification of the law and the ascription to it of personal preferences; a more practical statement would be that courts of equity do not aid one man to restrict another in the uses to which he may put his land unless the right to such aid is clear. In a recent case Vice-Chancellor Howell correctly stated the rule thus: "It must be conceded that restrictive covenants must not be vague or uncertain; that the complainant's right to insist upon the covenant and to invoke the injunctive power of the court must be clear and satisfactory." *Newberry* v. *Barkalow, 75 N. J. Eq. (5 Buch.) 128.*

It goes without saying that the learned vice-chancellor before whom the present case was tried recognized the existence of this rule, which he thus states in his conclusions: "The covenant must be sufficiently clear in itself to justify the court in saying that there can be little doubt as to its meaning," adding his belief "that there can be little doubt but that it forbids exactly what is being done in this case by the defendant."

The doubt that was deemed negligible by the vice-chancellor was the doubt that survived the assumption that by "one building" the covenant meant "one residence;" but it must be conceded that by "one building" the covenant may have meant just what it said, viz., "one building," in which case the doubt engendered as to whether the structure was not in fact one building could no longer be treated as negligible, having, as it has, in its support the express language of the covenant, and requiring for its overthrow the substitution of language of a totally different import that by fair implication was intentionally omitted.

The meaning that has to be placed upon the words "one building" in order to support the result reached in the court below is, to say the least, doubtful, in that it is not clear that more than one residence on a lot was what was prescribed. To say this is to reverse the decree brought up by this appeal.

A *remittitur* to that effect may be entered to the end that the complainant's bill may be dismissed.

*For affirmance*—REED, TRENCHARD, MINTURN, BOGERT, VROOM—5.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, VOORHEES, VREDENBURGH, GRAY, DILL, CONGDON—10.