WILLIAM M. CLEVENGER

*v.*

JAMES A. QUINN.

[Submitted January 26th, 1911. Decided March 8th, 1911.]

On bill for an injunction—*Held*, upon the evidence that an injunction cannot properly be issued.

Final hearing on pleadings and proofs.

*Mr. William M. Clevenger,* for the complainant, *pro se.*

*Mr. George A. Bourgeois,* for the defendant.

LEAMING, V. C.

I am convinced that an injunction cannot be properly issued in this case.

*First.* As to the twelve feet building line restriction. The original covenants printed in the deeds contained no restriction against building out to the property lines on the four corners of Stenton place and Atlantic avenue, and it is entirely clear that the building restrictions contained in the agreement of March 12th, 1905, cannot be enforced against defendant. The interlineation in defendant's deed which refers to "a deed or agreement" is wholly meaningless, standing alone; when considered in connection with the circumstances which surrounded and entered into the transaction, it is ascertained that no agreement in fact existed at that time, and that at that time an agreement was, at most, contemplated, and that defendant was informed by Mr. Wootton that these words which were interlined in his deed were to give defendant the privilege to have his lots face on either street, and that the agreement as it was afterwards made embodied, in connection with the privilege referred to, a restriction that a building should not be erected nearer than twelve feet to Stenton place. The evidence discloses that defendant had no knowledge or intimation of any plan or contemplated plan which included the building restriction and has never consented to it; under these circumstances, he manifestly cannot be bound by it. It seems entirely clear that the twelve feet building restriction on Stenton place cannot be enforced against defendant.

*Second.* As to the dividing lines. I am also satisfied that this court cannot properly enjoin the erection of the building in such manner that it may extend across the dividing line between the two lots as they were originally delineated on the map. Assuming that the fifth covenant of the printed deed means that the dividing lines of the lots on Atlantic avenue should never be changed under any conditions—that is, that these lots should always remain as lots fronting on Atlantic avenue of the width

shown on the map and extend in depth one hundred feet therefrom, the evidence discloses that this covenant has been disregarded as to three of the corners of Stenton place and Atlantic avenue. It is now sought to enforce that covenant as to the remaining corner. The disregard of that covenant on the three corners referred to and the· erection of the buildings contrary thereto was pursuant to an agreement signed by almost every person in interest, except defendant. Defendant refused to sign the agreement because it also contained a provision requiring that the buildings which should be erected contrary to the terms of the original covenant should be erected twelve feet from the property line of Stenton place. The fact that complainant and the other persons who signed the agreement determined to abandon the old dividing line covenant on condition that a new restrictive covenant accompany the abandonment of the old one cannot be operative to defeat the effect of the abandonment. Defendant at no time consented to the new restriction or to a conditional abandonment of the old one. The result of the action of complainant and his associates has been to destroy the dividing line covenant on the three corners nearest to defendant's property, and it seems clear that complainant is not now in a position to say to defendant that defendant must observe the covenant which complainant and his associates have disregarded merely because defendant is unwilling in disregarding it to adopt a new restriction to which he is in no way bound and which complainant regards as beneficial.

It is also urged in behalf of defendant that the dividing lines of lots are not "changed" by merely erecting a building across the dividing lines; that the dividing line can only be changed by a sale, and not by the use to which the land is devoted, and that a covenant against use cannot be created by implication. *Fortescue* v. *Carroll* (*New Jersey Court of Errors and Appeals*), *75 Atl. Rep. 923,* is referred to in support of this contention. I think it unnecessary to give consideration to this contention by reason of the views already expressed.