HELEN E. MARSH, complainant and respondent,

*v.*

JOSEPH A. MARSH, defendant and appellant.

[Argued November 21st, 1918. Decided March 3d, 1919.]

1. Courts of equity will not aid one man to restrict another in the uses to which he may lawfully put his property unless the right to such aid is clear.

2. Every doubt and ambiguity in the language of a covenant restricting an owner's use of his property must be resolved in favor of the owner's right.

3. Whether or not a covenant that "no building shall be erected on said lot unless the front foundation wall of the said building is at least seventy-five feet from" the street, is violated by the construction of a second-story sleeping porch upon the original one-story enclosed porch which rested upon three small cement piers, and which latter porch and piers, while in part within the restricted area, admittedly were not in violation of the covenant, is not so clear that a court of equity will aid in its enforcement.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Lane, whose opinion is reported in *104 Atl. Rep. 373*, and *89 N. J. Eq. 110*.

*Mr. Charles Jones,* for the appellant.

*Messrs. Edwin B. & Philip Goodell,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

This is an appeal from a decree enjoining the defendant below from violating a restrictive building covenant and ordering him to take down certain structures found by the court below to be in violation of the covenant.

The facts are not in dispute. They are as follows:

The parties are next door neighbors. The defendant's property is on the northeast corner of Norwood avenue and a street called "Sunset Parkway North," in Montclair, and complainant's property is on Sunset Parkway North, adjoining the defendant's property on the east. The two properties came from a common grantor, one Ralph Stout, whose title was restricted by a covenant similar to that contained in the deeds to the complainant and the defendant hereinafter recited. The defendant purchased his property in 1917 by deed containing the following covenant:

"That no building shall be erected on this lot unless the front foundation wall of said building is at least seventy-five feet from the front of the above premises on Sunset Parkway North."

The complainant bought her lot from Stout in 1911 by deed containing a similar covenant.

The property of the defendant, which he bought in 1917, had thereon a substantial house *facing Norwood avenue,* which was built by Stout in 1910. Its front foundation wall at its nearest point to Sunset Parkway North was seventy-five feet five inches from that street. On the "Sunset Parkway North" side of the house there was a porch fourteen feet wide and twenty feet long, supported by three small cement piers, one at each outer corner, and one in the centre. This porch was built and used as a living porch with removable screens in summer, which in winter were replaced by sashes and glass. The floor was of hard wood, like the floor of the living-room, but was somewhat lower. It was reached only by a door leading from the living-room. It was provided with a radiator connected with the regular heating system and was heated and used in winter. It had electric lights connected with the regular wiring system, and was furnished as a living-room. This was the situation and condition of the house now owned by the defendant, when complainant bought her lot next door in 1911, and it remained for years in the same condition.

Some time in October, 1917, shortly after buying his property, the defendant commenced the addition thereto now complained of. The complainant thereupon filed this bill. Upon a temporary injunction being denied with the understanding that if defendant proceeded he did so "at his peril," he completed the work. The only change made was to put above this enclosed porch a sleeping porch co-extensive therewith, and of similar design, with open spaces for screens in summer and removable sashes in winter, and covered with a flat tin roof which had no connection with the main roof of the house.

It was that "addition to, or superstructure upon, the piazza" that the defendant was commanded to remove.

Upon careful consideration of the evidence we are of the opinion, for reasons we will now state, that the decree cannot be sustained.

Of course, the rule is well settled that courts of equity will not aid one man to restrict another in the uses to which he may lawfully put his property unless the right to such aid is clear.

It is also well settled that every doubt and ambiguity in the language of a restricting covenant must be resolved in favor of the owner's right. *Fortesque* v. *Carroll, 76 N. J. Eq. 583; Howland* v. *Andrus, 81 N. J. Eq. 175.*

The learned vice-chancellor recognized these rules, but he considered that the language of the covenant clearly prohibited the addition of the defendant's building.

We have been unable to take that view.

For the purposes of the case we assume, as the vice-chancellor found, that the building prohibited by the covenant, properly construed, is one whose *front foundation wall* invades the restricted area. He said: "Construing it strictly, it seems to me that if any part of the front foundation wall is within seventy-five feet of Sunset Park North, there is a violation of the covenant." But we are unable to say that the defendant's building with the addition complained of, plainly offends against the covenant so construed.

It is quite plain that the building as originally built, and as it stood for seven years, did not violate the covenant. As the vice-chancellor said: "No objection was made to this structure, nor do I think there could have been any objection made to it." This is so because, admittedly, no part of the *front foundation wall* was within seventy-five feet of Sunset Parkway North. The violation of the covenant must be found, if found at all, in the building of this superstructure upon the enclosed porch. But that does not render it a building whose *front foundation wall* is within the restricted area. It would seem that the three small cement piers do not make it such. These were built by Stout seven years ago. Although they, and a part of the porch which they support, are within the restricted area, yet it is in, effect conceded in the complainant's bill that such structure complied with the restrictions. We have pointed out that the addition complained of did not change the old enclosed porch or its foundation. We cannot say that what for years has been regarded, and even now is regarded, by all parties as inoffensive piers supporting an enclosed porch now becomes a *front foundation wall,* and hence a violation of the covenant, merely because the sleeping porch is superimposed upon the old porch.

Since the complainant's right to relief is at best doubtful, the decree below must be reversed.

A *remittitur* to that effect may be entered, to the end that the complainant's bill may be dismissed.

*For affirmance*—KALISCH, WHITE, WILLIAMS, TAYLOR, GARDNER—5.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, HEPPENHEIMER—8.