Henry J. Trainer, Ferdinand Thommessen and Margaret Fleming, complainants-appellees,

*v.*

Emily Calef, defendant-appellant.

[Argued May 22d, 1924. Decided October 20th, 1924.]

1. Covenants restricting the lawful use of land by its owner are strictly construed.

2. An exception limiting the scope or effect of a covenant restricting the lawful use of land by its owner receives a liberal construction.

3. Where a covenant restricted the use of land to "a single dwelling-house to be devoted exclusively to private dwelling-house purposes. A brick or stone private garage excepted;" *held*, that this exception was broad enough to include a garage-room constructed of brick or stone as a part of, or as an addition to, the dwelling-house; but, *held*, further, that such garage-room must be constructed of brick or stone, although the dwelling-house is otherwise of frame construction.

On appeal from the court of chancery.

*Messrs. Thompson & Hanstein,* for the defendant-appellant.

*Mr. Clarence L. Cole (Messrs. Cole & Cole,* on the brief), for the complainants-appellees.

The opinion of the court was delivered by

WHITE, J.

This is an appeal from so much of a decree of the court of chancery, advised by Vice-Chancellor Ingersoll, as enjoins the use as a garage for the storage of appellant's private automobile, of a frame addition to her frame dwelling-house, constructed for that purpose, because a violation of a neighborhood scheme restrictive covenant appearing in her title, in the following language, namely:

"That no building or buildings shall be erected upon the above-described premises except a single dwelling-house to be devoted exclusively to private dwelling-house purposes. A brick or stone private garage excepted."

Appellant contends that in modern times, since the almost universal use of the automobile, the practice of providing for the storage of one of them in a garage-room, forming a part of a person's dwelling-house, has become so prevalent that it no longer constitutes a violation of a covenant against any use other than as a private dwelling; citing *Bassett* v. *Pepe, 110 Atl. Rep. (Conn.) 56,* and *Beckwith* v. *Pirung, 134 App. Div. 608; 119 N. Y. Supp. 444,* as authority for this proposition.

. If the covenant here involved had omitted the final clause, namely, the garage exception, we would be called upon to pass upon this contention, but the exception clause seems to us to raise quite a different question. If the appellant's contention is correct, the inquiry at once arises, What was the purpose of the garage exception clause? She thinks its purpose was to provide for a *separate* brick or stone private garage building; but the language does not say "separate." If a private garage, within its proper definition or meaning

(which the Century Dictionary gives as "a place for keeping under cover;" "a place for private storage of a motor car"), may properly be a room in or added to a dwelling-house quite as well as a separate building devoted exclusively 'to private garage purposes, as obviously it may, the absence of the word "separate" in this garage exception clause necessitates such a construction of the clause as will not confine its operation to a separate garage building, because restrictive covenants are to be construed strictly according to the fair meaning of the language actually used and not enlarged in their restrictive effect by reading in words not actually used. *Fortesque v. Carroll, 76 N. J. Eq. 583.* The language of the garage-excepting clause here involved, if standing alone, therefore, would include a room for private automobile storage in or added to the dwelling-house. Does the context of the entire covenant, including the exception, read together, alter this construction? We think it does not.

The restrictive part of the covenant is two-fold—*first,* it restricts the erection of any building except "a single dwelling-house," and then, *secondly,* it restricts the use of such single dwelling-house "exclusively to private dwelling-house purposes." Then comes the private garage exception, and without saying whether it is intended as an exception to the first or to the second part of the prohibition of the covenant, it says, in effect, as we think, that nothing herein contained shall prevent the owner from providing and using a "place" constructed of brick or stone "for keeping his private automobile under cover" or in "storage" on the restricted premises. In the absence of the restriction, such a place might have been constructed as a part of the dwelling-house or it might have been constructed separate therefrom. In the presence of the restrictive covenant, however, and without the exception, if constructed in a separate building it might very well have been thought by the parties that it would violate the first or "single dwelling-house" part of the restriction, and if constructed as a part of the dwelling-house it might equally well have been thought by them to violate the second or "exclusively for private dwelling-house purposes" part of

the restriction. It is impossible to tell from the context, therefore, to which part of the restriction the parties intended the exception to apply. In fact it may well be that they intended it to apply to both parts, although we are here only interested in deciding whether it, in fact, applies to the second part.

Under these circumstances the policy of the law again comes in and resolves the question of some doubt, as it certainly is, in favor of the construction most against or contrary to the restrictive effect of the covenant, that is, it gives the more liberal construction to the exception which limits the restrictive effect of the covenant. We think, therefore, that taking the whole covenant into consideration there was nothing therein which prevents the appellant from constructing as an addition to her dwelling a room or place built of brick or stone for the storage of her private automobile.

This brings us to the other question involved, which is, may appellant, in constructing such a place as an addition to her frame dwelling-house, disregard the provision of the garage-exception clause which requires such place to be built of brick or stone, and to construct it of frame? Appellant claims that she may do this, because, as before stated, she thinks that in making this place or garage a part of her dwelling, which does not have to be, and, in fact, is not of brick or stone construction, she is not violating the "exclusively for dwelling-house purposes" part of the restriction, and, consequently, she does not need the aid of the garage-exception clause. The difficulty with this contention is that the exception clause is there, and, as was thought by the vice-chancellor, the effect of it is to materially modify what might well have been the situation if it had been omitted. Whatever might have resulted if this garage-exception clause had been left out, it is quite clear that by including it, the parties intended that whatever private garage was constructed on the premises, wherever situate, whether a part of the dwelling-house or separate from it, such a garage should, for fire protection purposes, be constructed of brick or stone.

We think, therefore, that in constructing the garage-room of frame, the appellant was violating an important element of the restrictive covenant involved, which element was one for the mutual protection of all of those interested in the neighborhood scheme, and which they were, consequently, mutually entitled to enforce against each other. We think, therefore, that the injunction decree appealed from was properly entered and should be and is hereby affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON—11.

*For reversal*—None.