This matter is now before the court on defendants' application to strike the bill of complaint. The ground urged therefor is that the bill does not disclose upon its face an equitable cause of action. The bill alleges that the defendant Reis Reis entered into a contract with the defendant Jersey City District Missionary Society of the Methodist Episcopal Church for the sale to said society of lands described in the bill, and that such lands are subject to certain restrictive covenants mentioned in the bill. Paragraph 4 of the bill alleges that either the defendant Reis Reis or the defendant Jersey City Missionary Society of the Methodist Episcopal Church, through their agent, obtained a building permit, and filed plans and specifications for the erection of a church upon said lands. The complainant anticipates that the defendants, or either thereof, contemplate the erection of a church upon said lands. Aside from the fact that the bill does not disclose an equitable cause of action, the complainant cannot reasonably urge that the covenants which he fears are to be violated warrant the prohibition of the erection of a church on the aforesaid premises. A church is a place where persons regularly assemble for worship. 11 Corp. Jur.763. The particular restriction which the complainant fears is about to be violated is that indicated by subdivision (b) of *Page 124 
paragraph 6 of the bill: "Not more than one (1) house shall be erected on each lot of fifty-feet frontage, nor shall any such house be designed for use by more than one (1) family." Subdivisions (c), (d) and (e) considered in connection with subdivison (b) above quoted do not sustain the contention of the complainant that the prohibition of the erection of a church was contemplated by the parties who entered into the covenant in question. The court is required to glean the intention of the parties to such a covenant from a reading of the entire context, and, where the meaning is doubtful, by considering such matters as the parties are presumed to have had in mind when they agreed thereto, as well as the object of the restriction. 18 Corp. Jur.386 § 450. The court cannot read into the covenant a restriction which the parties did not expressly agree to. InTrainer v. Calef, 96 N.J. Eq. 657 (at p. 659), it was held: "Restrictive covenants are to be construed strictly according to the fair meaning of the language actually used and not enlarged in their restrictive effect by reading in words not actually used." Nor will a restriction be enlarged or extended by construction, even to accomplish what it may be thought the parties would have desired had a situation which later developed been foreseen by them at the time when the restriction was written. It is the duty of courts to enforce, not to make, contracts. 18 Corp. Jur. 388 § 450. Conjecture is not permissible. It is well settled that restrictive covenants against the use of property are strictly construed against the person claiming the right to enforce them; that unless the right to restrict is clearly manifested in the covenant a court of equity will not aid one owner to restrict another in the otherwise lawful use to which he may put his lands; and when such covenants are vague or uncertain or when the right to relief sought is doubtful, relief must be denied. Fortesque v.Carroll, 76 N.J. Eq. 583; Goater v. Ely, 80 N.J. Eq. 40;Camovito v. Matthews, 82 N.J. Eq. 218, 220; Underwood v.Herman Co., 82 N.J. Eq. 353; Ronan v. Barr, 82 N.J. Eq. 563;Marsh v. Marsh, 90 N.J. Eq. 244; Holman v. Parker, 94 N.J. Eq. 41; Muller v. Cavanaugh, *Page 125 94 N.J. Eq. 619; Trainer v. Calef, supra. The covenant subjudice is at least vague and ambiguous as to whether the prohibition of the erection of a church was contemplated by the parties. It is well settled that in cases where the right of a complainant to relief by the enforcement of a restrictive covenant is doubtful, "to doubt is to deny." Fortesque v.Carroll, 76 N.J. Eq. 583 (at pp. 585, 586); Camovito v.Matthews, supra.
I will advise an order striking the bill of complaint, without costs.