In 1929 the complainant conveyed to the City Investment Company a parcel of land on North Seventh street, in the city of Newark, upon which land there then was and now is situate a theatre building. The deed contained the following restriction: *Page 6 
"As long as Stanley-Fabian Corporation, and/or Stanley Company of America and/or Warner Bros. Pictures, Inc., or their or any of their respective successors or assigns, or any corporation of which they or their or any of their respective successors or assigns own 51% or more of the capital stock, is the owner, lessee, or operator, or is interested in any place of amusement in that entire part of the State of New Jersey, which includes and is north of the City of Trenton, no part of the within described premises or of any improvements thereon erected or hereafter at any time, or from time to time, to be erected, shall be used or occupied, or permitted to be used or occupied at any time, or on any occasion for the exhibition of any motion pictures of any kind or nature whatsoever, or for the exhibition of any dramatic, theatrical, operatic or vaudeville performances without the prior written consent and approval of said Stanley-Fabian Corporation, Stanley Company of America and Warner Bros. Pictures, Inc., or their successors and assigns, executed by their respective Presidents or Vice-Presidents, and Secretaries or Assistant Secretaries, pursuant to appropriate resolutions of their respective boards of directors, except that the present theatre building existing on the premises herein conveyed may be used, as to amusement purposes, for the exhibition of `legitimate' theatrical performances only and only so long as the present theatre building stands, it being understood that this exception shall no longer apply, and that the full force and effect of this entire restriction shall apply as soon as the present building on said premises is demolished or substantially altered. This covenant and the restriction herein established shall run with the land and shall bind the grantee herein named, its lessees, tenants, successors and assigns, and their respective heirs, devisees, executors, administrators, lessees, tenants, successors and assigns. The foregoing restriction shall not operate to prevent the occasional use of the premises herein conveyed for any dramatic, theatrical, operatic or vaudeville performances (exclusive of motion picture exhibitions of any kind or nature whatsoever) where said occasional dramatic, theatrical, operatic or vaudeville performances are only incidental in the conduct or operation of a community center, lodge-room or clubroom; nor to the giving of performances (exclusive of motion picture exhibitions of any kind or nature whatsoever) in connection with the operation of a restaurant or cafe where such performances are solely for the entertainment of the guests of such restaurant or cafe and no admission charges are made therefor."
The defendant, H.J. Theatrical Enterprise Company, now the owner of said premises, took title with knowledge of said restriction and now threatens to use the theatre for the exhibition of motion pictures. Complainant by its bill charges that the proposed use is in violation of the restriction and seeks injunctive relief. Defendant moves to strike the bill. *Page 7 
Restrictions of the kind under consideration are not favored, and the rule is well settled that this court will not aid one to restrict another in the uses to which he may lawfully put his property unless the right to such aid is clear. Marsh v.Marsh, 90 N.J. Eq. 244. The covenant must be strictly construed. Every doubt and ambiguity in its language must be resolved in favor of the owner's right. Fortesque v. Carroll,76 N.J. Eq. 583; Howland v. Andrus, 81 N.J. Eq. 175; Paff v.Margerum, 103 N.J. Eq. 74. Further, the authorities are uniform that the restraint imposed must be reasonable, and the test to be applied in determining whether it is reasonable or not is to consider whether the restraint is such only as to afford a fair protection to the interest of the party in favor of whom it is given. Newberry v. Barkalow, 75 N.J. Eq. 128; Fortesque v.Carroll, supra; Meaney v. Stork, 80 N.J. Eq. 60; Gordon SupplyCo. v. Galuska, 113 N.J. Eq. 353.
With these well-defined and established principles of equity in mind we find from the language of the covenant that the undoubted intention was to restrict the premises (a theatre building) against the exhibition therein of any motion pictures, dramatic,theatrical, operatic or vaudeville performances without the written consent of the beneficiaries thereunder, except that the present theatre building existing on the premises may be used, as to amusement purposes, for exhibition of legitimate theatricalperformances only so long as the present theatre building stands; and that this exception shall no longer apply, and that the full force and effect of the entire restriction shall apply as soon as the present building on said premises is demolished or substantially altered. The restriction is to be effective as long as the corporate beneficiaries, their successors or assigns, or any corporation of which they or any of their "successors or assigns own fifty-one per cent. or more of the capital stock, is the owner, lessee, or operator, or is interested in any place ofamusement in that entire part of the State of New Jersey, which includes and is north of the city of Trenton." (Italics mine.) What is a place of amusement is not clear. The *Page 8 
definition is as varied as is the caprice of the individual, his education and culture. What would amuse one would serve only to bore another. Neither is the covenant reasonable in that the restraint imposed is greater than is necessary for the fair protection of the interest of the complainant in the operation of its theatres for moving pictures, dramatic, theatrical, operatic and vaudeville performances.
The motion to dismiss the bill of complaint is granted.