On complainant's application a reargument was granted in the above cause. The covenant involved is set forth at length in the opinion reported in 115 N.J. Eq. 5.
On the reargument, complainant particularly urged that the use of the expression "any place of amusement" does not make the covenant too vague and uncertain to be enforced *Page 408 
in equity for the reason that in the covenant in question, in the sentence in which the expression "any place of amusement" is used, there follows almost immediately thereafter a specific reference to motion pictures, dramatic, theatrical, operatic or vaudeville performances, and that under the recognized maxim ofnoscitur a sociis (see State v. Gedicke, 43 N.J. Law 86, and State v. Hankins, 75 N.J. Law 318), the words "any place of amusement" are necessarily restricted to places of amusement of the kind specified.
It is an important rule of construction, that the sense and meaning of the parties to the instrument should be collected exantecedentibus et consequentibus; that is to say, every part should be brought into action, in order to collect from the whole one uniform and consistent sense, if that may be done.
The specific argument advanced, therefore, is not without force, and if it were the only matter to be considered the reargument might well result in the modification of the decree. Complainant fails, however, to meet the objection that the restraint imposed by the covenant as a whole is greater than is necessary to afford fair protection. It is obvious that a single motion picture house in any one of the outlying sections of the city of Newark cannot have a competitive effect over "that entire part of the State of New Jersey, which includes and is north of the city of Trenton." The restraint imposed is greater than is necessary for the fair protection of the interest of the complainant in the operation of its theatres for moving pictures, dramatic, theatrical and vaudeville performances.
Motion to modify the decree is denied. *Page 409