H. V. YOCUM, as Chief of Police of the City of Miami, v. DR. NATHAN FELD.

176 So. 753.
Division A.
Opinion Filed October 28, 1937.

*J. Harvey Robillard,* for Plaintiff in Error;

No appearance for Defendant in Error.

BUFORD, J.—Plaintiff in error was Petitioner in habeas corpus proceedings in the court below.

The record shows that Dr. Feld was arrested pursuant to an affidavit in the following language:

"In the Name of the City of Miami Beach and State of Florida.

"In the Municipal Court in and for the City of Miami Beach, Dade County.      "Verdict_____

"Sentence

"_____

"City of Miami Beach,   "_____

"County of Dade,

"State of Florida.

"Before the subscriber, the City Clerk in and for the City of Miami Beach, Florida, personally came Mrs. Eva Rubin, No. 734 Euclid Ave., Miami Beach, Fla., who being duly sworn says that one Dr. Nathan Feld, No. 732 Euclid Ave., Miami Beach, Fla., did on the 18th day of August, A. D. 1936, at and in the City aforesaid violate Ordinance 289, Section_____, of the Ordinances of the City of Miami Beach, Florida; by: Violation Ordinance No. 289, Operating the profession of physician at No. 732 Euclid Avenue, Miami Beach, Fla.

_____

_____

contrary to and against the ordinances of said City of Miami Beach in such case made and provided.

(Signed) Mrs. Eva Rubin.

" 'O R Bond to Ofs Wagstaff.'                                    59839

"Sworn to and subscribed before me this 18th day of August, A. D. 1936.

"C. W. Tomlinson,
"City Clerk in and for
"The City of Miami Beach, Florida.
"(Signed) By W. M. Martin,
"Deputy City Clerk.
"(Seal of the City of Miami Beach)."

Whereupon he filed petition and procured writ of habeas corpus. On hearing, he was discharged by order of Judge of the Circuit Court, as follows:

"This cause coming on to be heard upon motion of the petitioner that he be discharged from custody, notwithstanding the return of the defendant, and the court having before it the petition, the writ and the return, and the Zoning Ordinance of the City of Miami Beach, copy of which is attached to the petition herein, and the Court having heard argument of Counsel, and being fully advised in the premises, and being of the opinion that the said Ordinance attempts to zone the City of Miami Beach as to trades and industries, and being of the opinion that the practice of medicine is neither a trade nor an industry, but the practice of a profession, and it appearing, therefore, that the petitioner is not charged with the violation of said Ordinance,

"IT IS THEREUPON ORDERED AND ADJUDGED that the motion of the petitioner for discharge from custody as aforesaid is hereby granted.

"DONE AND ORDERED at Chambers in Miami, Florida, this 10th day of November, 1936."

To this judgment writ of error was taken.

Section 2 of the Ordinance No. 289 of the City of Miami Beach reads in part as follows:

"In order to regulate and restrict the location of trades and industries and the location of buildings erected, constructed, reconstructed or structurally altered for specific uses, and to regulate the size of buildings and other structures hereafter erected or altered, to regulate and determine the size and dimensions of yards, courts and other open spaces and to regulate and limit the percentage of lot that may be occupied and the density of population, the City of

Miami Beach, Florida, is hereby divided into use and area districts, as follows:"

The title of the Ordinance, in part, is: "An Ordinance to Regulate and Restrict the Erection, Reconstruction, Alteration, Location and Use of Buildings, structures, land and water, for trade, industry, residence or other purposes;"

Now, it will be observed that the affidavit making the charge against Dr. Feld alleges, "that one Dr. Nathan Feld, No. 732 Euclid Ave., Miami Beach, Fla., did on the 18th day of August, 1936, at and in the City aforesaid violate Ordinance 389, Section............, of the City of Miami Beach, Fla., by violation Ordinance No. 289 by operating the profession of physician at No. 732 Euclid Avenue, Miami Beach, Fla., contrary to and against the ordinance of the City of Miami Beach in such case made and provided." Engaging in the practice of medicine or, as is charged in the affidavit, "operating the profession of a physician," is neither conducting a trade nor engaging in an industry and, therefore, an ordinance regulating trades and industries will not be held to apply to one "operating the profession of physician." If this affidavit should be held to charge an offense under the ordinance then every physician who visited a patient outside the business district of and within the City of Miami Beach would necessarily be deemed to do so in violation of the ordinance.

The judgment is affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.