Neither modern public policy nor the judicial decisions of recent years have proscribed contracts in restraint of trade between employer and employee where the restraint is reasonably necessary for the protection of the business of the employer and not unreasonably restrictive in point of time or territory upon the normal rights of the employee. Silbros, Inc., v. Solomon,139 N.J. Eq. 528; 52 Atl. Rep. 2d 534, and cases therein collated.
The primary factors to be considered in testing the validity and efficacy of such a covenant are whether the covenant ancillary *Page 214 
to the contract has a greater amplitude than reasonably required to afford a fair protection in favor of the employer or whether it is unreasonably restrictive of the rights and opportunities of the employee, or whether it is prejudicial to the public interests. Original New York Furriers Co. v. Williams,133 N.J. Eq. 524; 33 Atl. Rep. 2d 292.
On December 28th, 1937, the defendant Krzywulak executed a contract of employment with the complainant which embodies the following covenant of present pertinency:
"5. That he will not for a period of three years after the end or termination of his employment, irrespective of the time, manner, or cause of the said termination, individually, directly or indirectly, either as principal, agent, employee, employer, stockholder, advisor, copartner, or in any representative capacity whatever, solicit, supply, serve, cater to, or engage, assist, be interested in or connected with any other person, firm or corporation soliciting, supplying, serving, or catering to any of the customers served by him or by any other employee of the `Company' during his employment with the `Company.' in the area aforementioned."
The employment terminated on March 22d 1946, and the defendant thereupon ignored and disobeyed the obligations of the covenant, hence the prosecution of this cause by the complainant for an injunctive decree.
The cause is submitted to me by means of a stipulation which confirms the truth of certain specified factual allegations of the bill of complaint and projects for decision particularly the reasonableness of the duration of the period of the restraint imposed by the covenant.
The reports are alive with cases implicating the propriety and fitness of covenants in restraint of trade and perhaps they are the more profuse because, while covenants restrictive of future employment in contracts between employer and employee are not viewed with the same indulgence as those between a vendor and a vendee of a business and its good will, the same rule of reasonableness is applicable to both classes of covenants. A.Fink Sons, Inc., v. Goldberg, 101 N.J. Eq. 644;139 Atl. Rep. 408.
This complainant, as its corporate title denotes, is engaged in the business of laundering and supplying linens to its customers *Page 215 
in pursuance of a regular and continuous service. In recognition of the stipulation I am to conclude that the complainant has over a span of several years achieved a considerable business and developed as a result of its efficiency and reliability a substantial good will. Its most valuable acquisition is its list and record of the names, addresses, and requirements of its customers. Its actual contact with the customers is through the route-men and delivery men in its employ. In December, 1937, the defendant entered the employment of the complainant for a specified period of five years subject to termination, as he insisted, "for just and reasonable cause only." The contract of employment which was to "remain in force for any extended or renewed term" contains, in addition to the negative covenant hereinbefore transcribed, the following recital:
"WHEREAS, the `Employee' acknowledges that he has been, and will continue to be, or is about to be, employed by the `Company' on the terms and conditions hereinafter set forth, and in connection with his employment he has or is about to become personally acquainted, by reason of information furnished to him by the `Company,' with many of the present and future customers of the `Company,' their names, addresses and requirements, and has or will become acquainted with other of the `Company's' business and confidential matters, and holds or will hold a position of trust and confidence, and has or will be enabled by such employment to discover and acquire the methods of business of said `Company,' which methods constitute a valuable asset of the `Company';"
It is conceded that during the period of his employment the defendant became personally acquainted with the customers whom he served, obtained intimate knowledge of their respective requirements and acquired the information comprehended by the foregoing recital. His violation of the restrictive covenant is acknowledged.
"Courts of equity will protect an employer against a breach of a written agreement, founded upon a good consideration, and reasonable in its terms, made by an employee, not to engage with a rival after the termination of the employment, where the services of the employee have been of such a character that he gained knowledge of his employer's business methods and secrets, the disclosure of which to a rival would *Page 216 
result in irreparable injury to the employer, and where it further appears that the purpose of the subsequent employment, resulting in the breach, was to obtain the benefit of those secrets, and that there is imminent danger that through such subsequent employment such secrets would be disclosed." IdealLaundry Co. v. Gugliemone, 107 N.J. Eq. 108, 110;151 Atl. Rep. 617; Irvington Varnish, c., Co. v. Van Norde, 138 N.J. Eq. 99;46 Atl. Rep. 2d 201.
The degree to which the covenant inhibits the future activities of the employee is a notable element of consideration in measuring its fairness and propriety. It is observed that the covenant here impugned does not enjoin the defendant from accepting employment from a competitor of the complainant nor from engaging in a like enterprise anywhere. The prohibition embraces only the "soliciting, supplying, serving, or catering to any of the customers served by him or by any other employee of the `Company' during his employment with the `Company' in the area aforementioned." Moreover, I must assume that the contract illuminated by its prefatory recitals exhibits the deliberate intentions of the parties.
I have examined numerous decisions, the citations of which would overburden this memorandum. See Silbros, Inc., v.Solomon, supra; 9 A.L.R. 1456; 20 A.L.R. 861; 52 A.L.R. 1362;67 A.L.R. 1002; 98 A.L.R. 963; 36 Am. Jur. 529; 6 R.C.L.,"Contracts," § 206; 13 C.J., "Contracts," § 428.
I recall the observation of Vice-Chancellor Buchanan in SarcoCompany of New Jersey v. Gulliver, 3 N.J. Mis. R. 641, 645;129 Atl. Rep. 399; affirmed, 99 N.J. Eq. 432; 131 Atl. Rep. 923:
"So many covenants with a five-year limitation have been upheld and enforced in this court, that the question of the reasonableness of that period needs no further argument, especially when considered in conjunction with the facts of this case — the character of the business, the length of time complainant and its predecessors had been building up the business, and the unlimited period of complainant's corporate existence."
I also advert to the impression entertained by Vice-Chancellor Sooy in Credit Rating Service, Inc., v. Charlesworth, *Page 217 126 N.J. Eq. 360, 366; 8 Atl. Rep. 2d 847: "It is argued that the contract is void as being unreasonable as to time. The answer is that the court does not so find, especially in view of the many reported cases of like character in which a greater time has been held reasonable."
While conformably with my personal judgment I would recommend that in employments of this nature the restrictive covenant might well be sufficiently and adequately operative for a period not in excess of two years, yet in the acknowledged circumstances of the present case, derived exclusively from the favorable allegations of the bill of complaint, I am not justified in declaring that the covenant in question is so manifestly unreasonable and oppressive in point of its duration as to render it invalid and thus liberate the defendant from its restraints.
Decree for complainant.