Plaintiffs have applied for an interlocutory injunction to restrain defendant, a former employee, from violating a restrictive covenant executed by him.
Plaintiffs allege that they "conduct a credit department store, selling clothing, furniture, jewelry, drygoods, household goods, electrical appliances and miscellaneous items of merchandise." Sales are made at retail from their place of business, No. 66 Springfield Avenue, Newark, New Jersey, through salesmen who call at customers' homes for collections and for additional sales. The defendant was employed by plaintiffs as a salesman and collector from September, 1946, until November 20, 1948. On October 9, 1946, shortly after he was employed, he executed an agreement including the following covenant, which is the basis of the relief sought:
"That he will not for a period of two years from the termination of his employment * * * bargain, sell, solicit, canvass, *Page 403 
collect or attempt to bargain, sell, solicit, canvass or collect, either for himself directly or indirectly as servant, agent or employee of any firm, partnership or corporation which shall bargain, sell, solicit, canvass, collect or attempt to bargain, sell, solicit, canvass or collect with the person or members of their immediate families with whom he has bargained, sold, solicited, canvassed or collected while in the employ of the said William A. Cohen (now Kern). He, also, shall not employ any agent either an individual or corporation, to bargain, sell, solicit, canvass or collect from any person or any members of their immediate family that he has sold, solicited, canvassed or collected while in the employ of the said William A. Cohen. The undersigned hereby covenants and agrees that he will never divulge to any person, firm or corporation the names and/or addresses of any person or persons with whom he has bargained, sold, solicited, canvassed or collected while in the employ of William A. Cohen aforesaid."
Plaintiffs submit affidavits which allege that since November, 1948, defendant has been pirating plaintiffs' customers and they specifically name nine customers, but do not present affidavits of these customers. On the contrary, defendant submits affidavits of seven of the nine customers, denying plaintiffs' allegations. Where the material facts on which plaintiffs rely are met by a full, explicit and circumstantial denial under oath, a preliminary injunction should not issue. Citizens' Coach Co. v.Camden Horse R. Co., 29 N.J. Eq. 299 (E. A. 1878); IdealLaundry Co. v. Gugliemone, 107 N.J. Eq. 108, 151 A. 617 (E. A. 1930). Further, while plaintiffs allege irreparable and substantial damage has been done, it does not appear from specific facts shown by the affidavits that the injury is such as to warrant the issuance of an interlocutory injunction. Rule
3:65-2.
Moreover, there is serious doubt of the validity and enforceability of the restrictive covenant under consideration. The law is well settled that a restrictive covenant to be valid and enforceable must be reasonable as to time, territory and scope. Silbros, Inc., v. Solomon, (Ch. 1947), 139 N.J. Eq. 528, 152 A.2d 534; Pilgrim Coat, Apron Linen Service,Inc., v. Krzywulak, 141 N.J. Eq. 212, 56 A.2d 584, (Ch.
1948). If the covenant appears to be unreasonable, it cannot be enforced. The restrictive covenant in question seems unreasonably extensive in scope. It not only restricts defendant from soliciting *Page 404 
plaintiffs' customers with respect to merchandise which the plaintiffs sell, but proscribes him from in any wise soliciting them, even respecting lines of merchandise or service wholly uncompetitive with and entirely unrelated to plaintiffs' business. Conceding that the alleged solicitation by defendant, if proved, was along competitive lines, nevertheless, a restraint so broad renders the covenant unenforceable, at least by way of preliminary injunction. Stanley-Fabian Corporation v. H.J.Theatrical Co., 115 N.J. Eq. 5 (Ch. 1933); Mannion v.Greenbrook Hotel, Inc., 138 N.J. Eq. 518 (E. A. 1946).
An order should be presented in accordance with the views herein expressed.