19 N.J. Super. 191 (1952)
88 A.2d 262
EMILENE L. AUERBACHER, PLAINTIFF,
v.
ALAN L. SMITH AND EMELIE B. SMITH, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 17, 1952.
*192 Mr. George H. Rosenstein, attorney for plaintiff.
Messrs. Carey, Schenk & Jardine (Mr. Robert Carey, Jr., appearing), attorneys for defendants.
STEIN, J.S.C.
The plaintiff is the owner of a dwelling in Orange which dwelling adjoins that of the defendants. Both homes consist of one-family houses. Both premises were component parts of a larger tract, measuring about 200 feet by 200. Plainitff's complaint for injunction is founded upon a claim that the premises of defendants at 349 Highland Avenue are subject to a restriction of record.
The restrictions upon which plaintiff relies first appeared in a deed from Wescott to Putnam, dated July 7, 1893, conveying a plot of land at the corner of Highland Avenue and Essex Avenue (now Carteret Place). That plot included all the premises which the plaintiff and the defendants now own. The restriction reads:
"It is expressly understood and agreed that this conveyance is made and is accepted upon the express condition that no part of said premises or any house or structure erected or to be erected thereon shall be used or occupied for any business or trade whatsoever, nor for any other use than private dwellings and structures appurtenant to such dwellings and the parties of the first part covenant that a restriction clause the same as that last above mentioned shall be inserted in all deeds hereafter executed by them conveying property now owned by them on Essex Avenue or Highland Avenue aforesaid. And the party of the second part covenants that neither she nor her heirs, executors, administrators or assigns or any person deriving title to said premises through or under her or them shall use or occupy, or suffer to be used or occupied any part of said premises or any structure erected or to be erected thereon contrary to said above condition and restriction."
The defendant Alan L. Smith is a medical doctor by profession and heretofore submitted plans and specifications to the building inspector of the City of Orange for the addition to his private residence of offices for the practice of his profession. The building inspector issued a permit to the doctor for the contemplated construction in conformity with a zoning ordinance of the City of Orange, which ordinance *193 was passed May 11, 1922, and which ordinance specifically authorizes use of defendants' residence for the purpose of consulting with patients in the course of the practice of his profession. Such zoning ordinance, however, has no validity so far as it contravenes, if it does so, the restrictive covenant in the deed mentioned.
The question for decision is whether the practice of medicine by the defendant doctor violates the restriction and is to be considered a business or trade. The plaintiff insists that the contemplated use by the doctor of his private dwelling would constitute a violation of the restrictions.
"`Trade' is sometimes subjected to two limitations which would distinguish it from unskilled labor and even from agricultural employments on the one hand, and from professional employments and the exercise of the fine arts on the other. Accordingly, the word in this sense has been defined as any occupation, employment, or business carried on for profit, gain, or livelihood, not in the liberal arts or in the learned professions; particularly employment, whether manual or mercantile, as distinguished from the liberal arts or the learned professions; particular employment, whether manual or mercantile, distinguished from the liberal arts or learned professions. * * * In the ordinary acceptation of `trade,' it does not include the work of a dentist or a doctor, which is rather that of a profession." 63 C.J. 236, § 4.
Restrictions limiting the use of lands of others are to be construed most strictly against the persons seeking to enforce them. Rankin v. Brown, 142 N.J. Eq. 180, 59 A.2d 645 (Ch. 1948); Fortesque v. Carroll, 76 N.J. Eq. 583, 75 A. 923 (E. & A. 1909); Trainer v. Calef, 96 N.J. Eq. 657, 126 A. 301 (E. & A. 1924).
In Iselin et al. v. Flynn, 154 N.Y.S. 133 (Sup. Ct. 1915), the Supreme Court had before it a restrictive covenant where the owner of a tract of land subdivided it into lots and each deed conveying lots provided that there should not be established or carried on "any kind of * * * business * * * and that the building and buildings erected on said lots shall be restricted to private dwellings, without a store or stores underneath." It was there held: "The law is practical. *194 It is not concerned with abstractions, but with the actual affairs of men, and it recognizes the distinction between the practice of a profession and the conduct of a mercantile business. One is purely personal, depending upon the skill or art of the individual."
The real intent and plain meaning of the words "business or trade" cannot be held to include the practice of medicine. The word "trade" was defined by Judge Story in The Nymph case, 18 Fed. Cas., No. 10,388, page 506 (Circ. Ct. Me. 1834), as follows: "The word * * * is often, and indeed generally, used * * * as equivalent to occupation, employment, or business, whether manual or mercantile. Whenever any occupation, employment, or business is carried on for the purpose of profit, or gain, or a livelihood, not in the liberal arts or in the learned professions, it is constantly called a trade." Babcock v. Laidlaw, 113 N.J. Eq. 318, 321, 166 A. 632 (Ch. 1933).
In People ex rel. Fullam v. Kelly, 175 N.E. 108 (N.Y. Ct. Apps. 1931) the defendant was the owner of a private dwelling house, four stories. He was convicted of having violated the building zone resolution adopted by the Board of Estimate of Appeals. His home, located in a residential district was used for music studios contrary to the zoning law which provided within the district buildings must be used exclusively for dwellings, clubs, schools, philanthropic institutions, but excluded "trades and industries." That court held: "The teaching of singing or of music is a profession and is not a business, trade or industry as these words are used in the law, zoning regulation or common parlance."
In Yocum v. Feld, 176 So. 753 (Fla. Sup. Ct. 1937), the Circuit Court of Dade County had before it the return of a habeas corpus allowed to Doctor Nathan Feld against Yocum as chief of police of Miami Beach, Florida. The doctor had been arrested, charged with the violation of an ordinance of the City of Miami, in that he had practiced his profession as a doctor in Miami Beach, Florida, contrary to an ordinance zoning the City of Miami as to trade and industries. The *195 circuit court discharged the doctor and the appellate court affirmed the judgment below, holding "that the practice of medicine is neither a trade nor an industry but the practice of a profession."
The use by the defendant doctor of his dwelling for the practice of medicine is not violative of the restriction against the use or occupancy "for any business or trade whatsoever, nor for any other use than private dwellings and structures appurtenant to such dwellings * * *."
Injunction denied. Complaint dismissed.